GIDNEY
v.
BLAKE.

Where a de-
claration in
*slander* stated
that B. in a
certain dis-
course with
G. of and con-
cerning the
children of G.,
and of and
concerning C.
one of the
children of G.
and the plain-
tiff in the suit,
B. said, " your
children are
thieves, and I
can prove it ;"
it was held
that the
charge was
sufficiently de-
finite to de-
signate the
plaintiff as one
of the chil-
dren of G. in-
tended by B.
If one count is
good, it is suffi-
cient, on a ge-
neral demur-
rer to the
whole decla-
ration

*¿ 6 Bac. Ab.*
231. *Slander,*
(I. 2.) 1 *Chit.*
*Pl.* 382. *Cro.*
*Car.* 107. 1
*Roll Ab.* 75.
85.
† *Brown* v.
*Lamberton,*
2 *Binney's*
*Rep.* 34.

‡ 5 *Johns.*
*Rep.* 211.

## C. GIDNEY *against* BLAKE.

IN ERROR from the court of common pleas of *Orange* county. *Gidney* brought an action of *slander* against *Blake* in the court below. The declaration contained several counts ; the first count stated that the plaintiff was the infant son and one of the children of *Daniel Gidney,* by whom he prosecuted, &c. and after the usual averments, that in a certain discourse which the defendant had with the said *Daniel,* of and concerning the children of the said *Daniel,* and of and concerning the said *Charles,* the plaintiff, &c. the defendant maliciously spoke and published, &c. the following words : " your children" (meaning, &c.) " are thieves, and I" (meaning the defendant) " can prove it." There were several other counts, one of which stated the words to be " his children" (meaning the children of the said *Daniel*) " are thieves, and I can prove it." The other counts, in the *innuendoes,* stated the words as spoken of the plaintiff among the children of the said *Daniel.* There was a general demurrer to the declaration and joinder, on which the court below gave judgment for the defendant.

*D. Russell,* for the plaintiff, contended that the declaration was sufficient. The want of certainty in the description of the person accused may be supplied by averment.* Here is an aver-ment that the plaintiff is one of the children of *Charles Gidney,* and this applies to all the counts, and there is a *colloquium* in each count. It is enough, if it be substantially alleged that the words were spoken *of the plaintiff.*†

*Story,* contra, insisted that the words were too general and vague to be the foundation of an action of slander, and that they were not helped by the *innuendoes.* If this were allowed, the characters of some of the children of *D. Gidney,* who are not parties to the record, might be involved. In *Van Vech-ten* v. *Hopkins,*‡ it was decided that an *innuendo* could not be proved, though it was said, that where the person meant to be libelled could not be identified, without the aid of extrinsic facts, by a proper *averment* and a *colloquium,* such extrinsic facts might be introduced and proved. Though there is a *col-*

*loquium*, there are not, in the present case, those proper averments to point the *slander*, with certainty, to the plaintiff.

ALBANY,
Jan. 1814.

GIDNEY
v.
BLAKE.

*Per Curiam.* The charge is not vague or indefinite. The words "your children," "his children," apply to and embrace *all* the children of *Daniel Gidney*, with whom the defendant was conversing. The case of *Foxcraft* v. *Lacy* (*Hob.* 89.) is analogous, as to the effect and application of such expressions. In that case, it appears that a suit was pending against the plaintiff and 16 other persons, and a discourse being had concerning the suit, the defendant said *these defendants helped to murder H. F.*, and it was adjudged that each of the 17 defendants was entitled to his separate action of slander. It might have been urged, as well in that case, as in this, that the words did not necessarily mean the plaintiff. In this case, the first count contains a *colloquium* concerning the plaintiff in particular, as well as the other children of *Daniel Gidney*, and the *colloquium* conclusively points the words, and designates the plaintiff as one of the children intended. A *colloquium* is sufficient to give application to words still more indefinite, such as *one of the servants of I. S. is a thief;* (4 *Co.* 17. b.) and if one count be good, it is sufficient on general demurrer to the whole declaration. (3 *Caines' Rep.* 89.)

The judgment below must be reversed.

Judgment reversed.

N. B. In the case of *Gidney* v. *Cook*, on the same pleadings, there was the same judgment.