### GARDNER *vs*. PICKET.

A new trial will not be granted, because the judge in his charge to the jury remarks, that in his opinion there is not sufficient evidence to establish a certaincfact, when at the same time he instructs the jury to consider the evidence and to decide as they shall find the truth to be.

Nor will a new trial be granted for matters suggested in a charge not pertinent to the case, unless the attention of the judge is at the time called to such suggestions, and he refuses to explain.

MOTION for a new trial, on the grounds that the verdict rendered for the defendant was against evidence, and for errors in the *charge* of the judge to the jury. In the course

of the charge, the judge remarked, as to a particular fact in the case, that in his opinion there was *not sufficient evidence* to establish the fact, but he submitted the question to the jury, and instructed them to consider the whole evidence in relation to it and to decide as they should find. This part of the charge of the judge was objected to. The judge also made a suggestion as to the injustice of the plaintiff's claim, which on the argument in this court was objected to as not pertinent to the case, and therefore calculated to mislead the jury.

ALBANY,
January, 1838.

Gardner
v.
Picket.

*M. T. Reynolds*, for the plaintiff.

*Bartholomew Davis Noxon*, for the defendant.

In respect to these points, the following opinion was de livered:

*By the Court*, COWEN, J. The judge's charge that there was not sufficient proof to show an assignment of the judgment to Wood was a mere expression of opinion on the fact, which he still left to the jury. He had a right to give such an opinion, especially with such a qualification. *Solarte* v. *Melville*, 1 Mann. & Ryl. 198, is in point. 7 Barn. & Cres. 430, S. C.

As to the suggestion alleged to have been not pertinent, and calculated to mislead the jury: The judge should have been called upon to say it was not pertinent. Certainly a new trial ought not to be granted, merely because the judge's charge, though true in law and fact, may possibly have misled by going to a matter not in dispute. Such a consequence is not to be intended. Several similar objections were made to other branches of the charge, which may be answered in the same way. Impertinence or obscurity cannot be objected to a charge as sufficient ground for a new trial, unless the judge's attention was called to it at the time, and he refused to explain. Indeed, mere impertinence, or the expression of an opinion on an abstract point out of the case, ought not, in any view which I can think of, to be received as ground for a new trial. *Clark* v. *Dutcher*, 9 Cowen, 674, 680. *Norton* v. *Doe*, 1 Dana, 14,

15, 16. *Profit* v. *Williams*, 1 Yerg. 89, 90. *Deal* v. *Mc-Cormick*, 3 Serg. & Rawle, 343, 345, per Gibson, J. *Waller* v. *Keyes*, 6 Verm. R. 257, 263. Gibson, J. in *Deal* v. *McCormick*, lays down the true rule as it will be found established by the cases cited; he says, "error in stating an abstract principle not arising out of the evidence, and no wise relating to the cause, shall not be taken advantage of by either party; for it would be impossible for such an error to have an effect on the event of the cause." In relation to the objection of the verdict being against evidence, the judge expressed the opinion that the verdict was warranted by the evidence.

New trial denied.