## CHEESEBROUGH a. TAYLOR.

*New York Common Pleas; General Term, January,* 1861.

APPEAL.—CHARGE.—INNKEEPER'S LIABILITY.—EVIDENCE IN ACTION THEREON.

Where the witnesses upon whose testimony the plaintiff has recovered are not impeached, it is not necessary, upon an appeal taken for the purpose of setting aside a verdict, to look further into the testimony than to see that it, in any aspect, supports the finding.

Where a witness was allowed to answer a question without objection,—*Held,* that an exception subsequently interposed must be disregarded.

In an action against an innkeeper for the loss of the baggage of plaintiff, who was his guest, plaintiff is not required to prove any negligence on the part of the defendant. The latter is bound either to produce the baggage intrusted to him, or to account satisfactorily for his failure to do so.

Evidence of a formal demand is not necessary, where it appears that after diligent search and inquiry the baggage could not be found, and was not produced when called for.

Remarks in the course of a charge, called forth by the request of a party, and inferentially expressing the opinion of the judge as to the weight of evidence, are not ground for setting aside a verdict amply supported by the evidence.

When a judge, at the request of a party, charges the jury as to the rule of law applicable in case the jury believe the evidence offered by such party, it is proper for him to call the attention of the jury to any testimony on the other side, conflicting therewith.

Appeal from a judgment on a verdict at the trial term, and from an order denying a new trial.

This was an action against the defendant founded on his liability as an innkeeper for baggage of the plaintiff, his guest. The plaintiff recovered a verdict, and from the judgment en-

tered thereon, and from an order denying a new trial, the defendant now appealed.

*Townsend, Dyett & Raymond,* for the appellant.

*Tyler & Brown,* for the respondent.

By THE COURT.—HILTON, J.—The plaintiff proved at the trial that on July 12, 1858, he came to this city from East Chester by the New Haven railroad, having with him four trunks checked in the usual manner. On arriving at the railroad depot, he gave to Studley's Express agent the four checks, with directions to deliver three of the trunks at the International hotel, and one on board of the Stonington boat. The driver of the express-wagon, on the same day, delivered at the hotel three pieces of baggage, one of which, he recollects, was a large trunk; and they were so delivered by him as the baggage of the plaintiff. On the plaintiff's arriving at the hotel, a short time afterwards, he inquired of the porter whether his baggage had arrived. Being asked how many pieces, he answered, "Three trunks;" and the porter replied, "It's all right." While he remained, but one of the trunks was sent to his room, it being the habit of the hotel to send only such baggage to the room of a guest as should be so ordered; that which was not needed being kept in a room appropriated to the purpose. On the 17th of July, the plaintiff left the hotel in a carriage, accompanied by his wife, for the Hudson River Railroad station. Before leaving, and when paying his bill at the hotel, he told them to put his baggage on, and he supposed it was on; but he noticed, when taking it off at the station, that one of the trunks was missing. Having his wife to attend to, however, the driver of the carriage got off before he could see him. Expecting to return to the city in about ten days, he was detained longer, and did not get back in five or six weeks, when he went to the hotel and inquired for the missing trunk, but it could not be found. He gave a description of it, with the contents, from which the defendant made up an advertisement of the loss and inserted it in the *Herald;* but the trunk has never been recovered. Its contents were proven to be worth $279, exclusive of a tiger-skin lap-robe belonging to the plaintiff's wife, and of the value of $50; but as the action had been originally commenced

in a district court, and was removed to this court under the provisions of the District Court Act of 1857, it was assumed by both parties at the trial that no recovery could be had beyond $250, and for this amount the jury rendered a verdict in favor of the plaintiff.

Thus far I have stated from the plaintiff's evidence; and as the witnesses were not impeached in any way, it is not necessary, upon an appeal taken, as in the present case, for the purpose of setting aside a verdict, to look further into the testimony than to see that it, in any aspect, supports the finding of the jury; but here I may go further, as the defendant did not, in my opinion, produce any proof of a character sufficiently positive to justify the jury in coming to any other conclusion than the one they did. The most that can be said of the defendant's evidence is, that it tended to show negligence on the part of the plaintiff, contributing, in a slight degree, to the loss complained of; but the jury, under proper instructions from the presiding judge, seem to have been of the opinion that the plaintiff was not negligent to such an extent as to relieve the defendant from his liability; and from a careful reading of the testimony, I cannot say that I differ from them.

During the trial, many exceptions to the evidence were taken by the defendant's counsel, but none of them seem to me material to be considered. The exception to the proof of the value of the tiger-skin lap-robe was interposed after the witness had given his testimony respecting it without objection; and the objection to the witness Taylor testifying to the value of the articles contained in the trunk was properly overruled, as it appeared that she had frequently purchased such, and had also seen others do so, and knew their price.

Up to this point, the case, it must be confessed, presents no novel features beyond those which usually attend the trial of an action by a traveller against an innkeeper for the loss of baggage intrusted to his keeping. The defendant, by his answer, having admitted that the plaintiff came as a guest, the questions for submission to the jury for determination were, whether the trunk came to the custody of the defendant; and if so, was it afterwards delivered to the plaintiff, or was it lost through his neglect or fault, either direct or implied. (Clute *a.* Wiggins, 14 *Johns.*, 175; McDonald *a.* Edgerton, 5 *Barb.*, 560; 2 *Hil-*

*liard on Torts*, 613; Platt *a.* Hibbard, 7 *Cow.*, 497.) It was not necessary that negligence on the part of the defendant should have been established by proof, to make him liable for the loss; nor was evidence of a formal demand requisite, as it appeared that, after diligent search and inquiry, the trunk could not be found, and was not produced when called for. (Willard *a.* Reinhardt, 2 *E. D. Smith*, 148.)

In submitting such a case to the consideration of a jury, there would not, it appears to me, exist a necessity for the presiding judge commenting at any particular length upon the facts involved, or stating many distinct propositions of law as connected with those facts, and required to be kept in view by the jury as guides to their determination; but the counsel for the defendant at the trial seems to have thought otherwise. Before the charge was made, he applied for a dismissal of the complaint upon five distinct grounds. That being refused, he presented twenty-two separate propositions or requests to charge, ten of which the judge disposed of to his satisfaction, while to the refusal to charge favorably on the remaining twelve, exceptions were taken in due form. The charge itself was then attacked in detail; every proposition or statement in it forming the subject of an exception, by which eight additional exceptions are presented to us, one being of a compound character. To each and all of these I have given a careful consideration; and as they can be reduced to and comprised within the proposition contained in the defendant's ninth point, namely, "that the charge was calculated to, and no doubt did, mislead the jury," I am relieved from the necessity of considering each separately.

The case sets out the charge at some length; but it was, in substance, that the jury should first determine whether the trunk was delivered to the defendant; and if so, that he was bound to produce it on demand, or satisfactorily account for its non-production. Regarding him as an innkeeper, nothing would excuse him for the loss but the act of God, or the public enemies, or the negligence of the plaintiff; or, if regarded as an ordinary bailee, it was equally incumbent upon him to account for the loss of a trunk committed to his care and custody, by showing such a state of facts as would repel the presumption of its loss having resulted through his negligence or want of ordinary care.

There was certainly nothing objectionable in all this—at least nothing of which the defendant can complain. The evidence, in my opinion, when taken in connection with the facts admitted by the defendant's answer, was ample to hold the defendant to the liability which the law imposes upon innkeepers; and had the verdict been the other way, the plaintiff might have had good ground for complaining of that part of the charge which seemed to leave it optional with the jury whether they would regard the defendant as liable in the capacity of innkeeper, or as an ordinary bailee.

The additional remarks of the presiding judge were mostly called forth by the numerous requests of the defendant's counsel, and related to some particular statement of fact made by the witnesses upon the part of defence, and in a degree, if not wholly, disputed or denied by the plaintiff. So far as these remarks can be regarded as expressing inferentially the opinion of the judge as to the weight or strength of the evidence on either side, they form no ground for exception, or for setting aside a verdict amply supported as this was by the evidence. (Carver *a.* Jackson, 4 *Pet.*, 1; Commonwealth *a.* Child, 10 *Pick.*, 252; Foster *a.* Steele, 5 *Scott*, 28; Gardner *a.* Picket, 19 *Wend.*, 186.) But I do not admit that the language of the judge was objectionable in any degree. The defendant's counsel required of him to charge as to the rule of law which would be applicable if the jury should believe certain statements of the witnesses produced by the defence. In complying with this request, he very properly called the attention of the jury to the different version of the same matter given by the other side. To this extent only can it be said that his remarks affected the defendant unfavorably.

Looking at the whole case, I am of opinion that the charge was not only right in every material point, but was not calculated to, and did not in any sense, mislead the jury.

Order, denying a new trial, and judgment affirmed.