## MAYBEE *vs.* FISK.

Where the complaint, in an action for slander, alleged that the plaintiff was the eldest of three sons of M. ; that the defendant in a conversation with M., and in the presence of others, used the following false and slanderous words concerning the plaintiff, viz : "Your boys stole my corn," meaning thereby the plaintiff; it was *held* that the action was maintainable ; that the words were actionable *per se ;* and the plaintiff, as one of the persons included in the charge, could bring his separate action for the slander.

*Held,* also, that a charge to the jury that the plaintiff was entitled to recover, unless the jury should find that the defendant, immediately after making the charge, added by way of explanation, "I mean your two youngest boys," to the knowledge of the persons who heard the words complained of, was not erroneous.

Maybee *v.* Fisk.

*Held*, further, that evidence to show that the two younger boys had stolen the corn of the defendant, shortly before the speaking of the slanderous words, was properly excluded.

If one makes a charge in the presence and hearing of others, which is of a slanderous character, and which in its naked form would by all the bystanders be naturally understood to impute a crime, he is responsible for the utterance, unless the language used is understood by all present to refer unmistakably to a transaction not criminal but innocent in its character; or he adds an explanation, which conveys to the bystanders the fact that he does not make a criminal imputation upon the party pointed at in his words.

Hence it is true that a man is, in this sense, and to this extent, responsible for the hearing of the bystanders. If he chooses to use language that *ex vi termini* imputes crime, he must be careful that, by an explanation patent to all, he removes the sting and extracts the venom. Otherwise he is held justly responsible. *Per* BACON, J.

It is not enough that the defendant swears he made the explanation. It must be shown that the explanation was heard and understood by the hearers; since only in that event would the words be rendered harmless in respect to the person referred to.

The expression of an opinion, by a judge, as to the character or effect of evidence, leaving it to the jury, notwithstanding, to decide the question submitted to them, furnishes no valid ground of exception.

APPEAL by the defendant from an order made at the circuit, denying a motion for a new trial, which motion was made upon the judge's minutes. The complaint was in slander, in the usual form, and charged that the plaintiff was a minor, and was the eldest of three sons of Aaron Maybee; that the defendant, before the action was brought, used the following false and slanderous words concerning the plaintiff, in a conversation with said Aaron Maybee, and in the presence of others: "Your boys stole my corn," meaning thereby the plaintiff in this action; and claimed damages therefor.

The answer contained: 1. A denial of speaking the words of the plaintiff. 2. An allegation that the words were spoken, not of the plaintiff, but of the said Aaron Maybee's two younger boys, and that they had, in fact, stolen the defendant's corn. 3. That the defendant's statements were intended to refer (as he expressly stated at the time) to said two younger boys, and not to the plaintiff, and did refer to

them solely.   4. That the words were spoken under great provocation, and after insulting language had been used to the defendant by said Aaron Maybee, the plaintiff's father.

Issue being thus joined, the action came on to be tried before a circuit court held in and for the county of Cortland, at the court house, on the 5th day of January, 1863, before Hon. CHARLES MASON and a jury.   The plaintiff, to maintain the issue on his part, proved that he was the son of Aaron Maybee, and that he lived in Scott, with his father ; that the plaintiff had two younger brothers, the sons of the said Aaron Maybee, who also lived at home with their father, the said Aaron Maybee ; and that on or about the 10th day of July, 1862, the defendant, in a conversation with the said Aaron Maybee, in the presence of others, at Scott, aforesaid, said to the said Aaron Maybee, "Your boys stole my corn." And that the plaintiff and his witnesses, who were present at said conversation, did not hear the defendant add the words, "I mean your two younger boys ;" that the plaintiff was sixteen years old, and that Aaron Maybee, his father, was duly appointed his guardian to prosecute this action.   Here the plaintiff rested, and the defendant asked the court to nonsuit the plaintiff on the grounds that the words being, "Your boys stole my corn," no action can be maintained by one of the boys alone, unsupported by any evidence as to which of the boys the defendant intended.   In other words, that the charge was not so made that the court could say the plaintiff was intended.   The court denied the motion, and the defendant excepted.

The defendant was then called, and sworn as a witness in his own behalf, and testified: "I am the defendant in this action.   I had the conversation, and said the words "Your boys stole my corn," to Aaron Maybee, at Scott, at the time, and as proved by the plaintiff ; and when I spoke those words the said Aaron Maybee immediately interrupted me by loud talking, and I immediately added the words,

Maybee *v.* Fisk.

"Stop your noise until I get through my sentence; I mean your two youngest boys." The defendant then offered to prove by the defendant that the two boys of the said Aaron Maybee, younger than the plaintiff, did steal the corn of the defendant, shortly before the speaking of the words. To which offer the plaintiff objected, on the grounds that the offer was improper and irrelevant. The court sustained the objection; to which ruling of the court the defendant excepted. The defendant here rested his case, and the court charged the jury that the words spoken were actionable, and the plaintiff could maintain his action against the defendant upon them, unless the jury should find that the defendant did add the words testified to by the defendant, to wit: "I mean your two youngest boys," then and there to the knowledge of the persons who heard the words; to which the defendant excepted in due form of law. The court further charged as follows: "And there is an oddity and want of symmetry in the language sworn to by the defendant, to wit, the words 'Stop your noise until I get through with my sentence; I mean your two youngest boys;' which the jury may take into consideration in determining whether the defendant did add said words or not."

To which charge the defendant excepted, especially to that portion of the charge as follows, to wit: "And there is an oddity and want of symmetry in the language sworn to by defendant, to wit, in the words 'Stop your noise until I get through with my sentence—I mean your two youngest boys,' which the jury may take into consideration in determining whether the defendant did add said words or not." The jury returned a verdict, that they found for the plaintiff forty-five dollars damages against the defendant. A motion was made by the defendant at the same term or circuit, at which the trial was had, upon the minutes of the said judge, for a new trial in the action and to set aside the verdict therein, upon the exceptions taken at the trial, and for insufficient

evidence, and for excessive damages; which motion was denied, with ten dollars costs. The following reasons were assigned by the judge, for his decision.:

MASON, J. "This is an action for slander, and was tried before me, at the Cortland circuit in January last. The plaintiff proved upon the trial, that the defendant, when speaking to the plaintiff's father, said, "Your boys have stolen my corn." This case is precisely like *Gidney* v. *Blake*, (11 *John*. 54,) in which the defendant said to Sidney, "Your children are thieves, and I can prove it;" which words were held to be actionable *per se*, in a suit brought by one of them. This case has never been questioned, but has been cited with approbation in several subsequent cases. The court said, "your children" embraces all the children, and is not vague and indefinite. (*See Ryckman* v. *Delavan*, 25 *Wend*. 203.)

I was right, therefore, in holding these words actionable, and in refusing the nonsuit. In determining the question whether the words are actionable or not, the court are to be governed by the sense and construction which those who heard the slanderous words would naturally put upon them, without reference to any secret intent which the speaker may have had, and which was unknown to those who heard the slanderous words uttered. (*Phillips* v. *Barber*, 7 *Wend*. 439.) I was therefore right, it seems to me, in excluding the defendant's offer to prove that two of the plaintiff's brothers had stolen the defendant's corn. This evidence, if admissible at all, was admissible for the purpose of showing the probability that the defendant referred to and meant those two who had stolen corn, and not the plaintiff; but this will not do, as there was no offer to show that those who heard the slander spoken knew any thing about any of the boys having stolen the defendant's corn, and they therefore must have understood the charge to include all of the boys. The motion for a new trial must be denied."

Maybee *v.* Fisk.

*M. M. Waters,* for the appellant.   I.  The offer made by
the defendant was improperly excluded.   The evidence was
competent for the purpose of explaining to whom the defend-
ant referred by the expression *"your boys."*   The question
as to whom the defendant referred to, is never a question for
the court.   It is always a question for the jury.   (*See* 2 *Hil-
liard on Torts,* 305 ; *id.* 258 ; 2 *Greenl. Ev.* § 417.)   It
may be laid down as a general rule, that the application of the
words to the plaintiff, is a matter to be collected by the jury
from the particular circumstance of each case.   (*Starkie on
Slander, p.* 65, 94, *ed.* 1832.)   The proposed evidence would
have tended to show the reference was had by the defend-
ant, by the expression "your boys," not to all the boys, but
to only two of them, who, as he claimed, had in fact stolen
his corn.   The plaintiff was the elder of three brothers.   The
expression was clearly capable of two meanings.   It *might*
mean all the brothers ; it *might* mean but two of them.
And it was for the jury to say *which* meaning the defendant
had.   If two of the boys had, a short time before, stolen the
defendant's corn, it was very evident that he intended the
words "your boys have stolen my corn," to apply to those
two boys who had in fact stolen it.   It is submitted there is
no justice in refusing to permit the party to show to whom
he referred.   The evidence excluded had a strong tendency
to show this, as the jury might then well say that he had an
innocent meaning, and spoke truly when he made the asser-
tion for which this action is brought.   (*See, in addition to
above cases,* 3 *Cowen,* 231 ; 2 *id.* 479 ; 6 *id.* 76 ; 4 *Wend.*
320 ; *Lewis and Herrick* v. *Chapman,* 16 *N. Y. Rep.* 376.)
The authorities cited by the learned justice in his opinion do
not apply in the least to this case.   The case of *Gidney* v.
*Blake,* (11 *John.* 54,) and *Ryckman* v. *Delavan,* (24 *Wend.*
203,) there cited, arose on demurrer, and the only question
decided in them was, that the declaration, which set out the
words with the proper colloquiums and innuendoes, was not
demurrable, and that the words were *prima facie* actionable.

They do not hold that the defendant may not show that the words spoken refer to persons other than the plaintiff.

But the judge also cites the case of *Phillips* v. *Barber,* (7 *Wend.* 439,) to support his position that the words are *prima facie* actionable, in regard to which there need be no discussion.   In that case, and in this case, the words are *prima facie* actionable.   That is not the question in the case.   The court also impliedly admits that the evidence would show that the defendant probably did not refer to the plaintiff, but that it was inadmissible because there was no offer to show that those "who heard the words knew the fact that the younger boys had stolen the corn."   1.  No such ground was taken at the trial.   The court ruled that the evidence was in no view admissible.   The suggestion that the ground for excluding the evidence was that no offer was made, to show that the persons present knew that the two boys had stolen the corn, is an after-thought.   The rejection of the evidence was not put on this ground.   2.  But such offer would logically come after the admission of the evidence excluded. The defendant certainly had the right to this evidence; and if he did not further prove what the court now for the first time intimates he should have proved, then (assuming the judge was right) this evidence could have been stricken out or disregarded.   The proposed evidence was admissible as one link of the chain, at least.   3.  But it is submitted that in this case the excluded evidence was competent, standing alone.   When the defendant said "your boys have stolen my corn," he stated the truth, if in fact the two boys had done so.   All then that was incumbent on him was to satisfy the jury that he intended the remark to apply to the *two* boys who were guilty, and who have *not* brought this action.   In *Phillips* v. *Barber,* (7 *Wend.* 439,) the court held that the defendant was justified if he proved that the words were used in reference to property which could not be the subject of larceny.   But is it not at least as much a defense that the words were not intended to apply to the plaintiff, and *might*

not so apply? The defendant may prove the facts and circumstances in reference to which the words were spoken, for the purpose of showing that he did not intend to impute to the plaintiff the crime which, standing alone, they would naturally import. (2 *Hilliard on Torts,* 258. *Williams* v. *Cawley,* 18 *Ala. R.* 206.) In the action for slander the actual meaning of the words in the *particular case* is a consideration for the jury. (2 *Hilliard on Torts,* 305.) The meaning of the words is a question of fact for the jury. (2 *Greenleaf's Ev.* § 417, *p.* 337.)

II. This evidence was also competent on the question of *malice.* When words are used which are in themselves slanderous, the presumption is that they are used maliciously, and to have in view the injury of the plaintiff's character. (*Starkie on Slander, p.* 174.) The presumption, however, is nothing but a rule of evidence, that malice should be inferred from the unexplained acts of the defendant; an inference which is nevertheless liable to be rebutted by evidence showing that no malice really existed. (*Id. ch.* 15, *p.* 174. 2 *Greenleaf's Ev.* § 421.) Was not this evidence competent for the purpose of showing that the defendant had no malice toward *this plaintiff?* If, while the words were broad enough to include the plaintiff, yet in fact he did not refer to him, he certainly could have no malice towards *him.*

III. The charge was erroneous. 1. The judge charged the jury that the plaintiff should recover unless the jury "should find that the defendant did add the words testified to by him, to wit: 'I mean your two *youngest* boys,' there and then *to the knowledge of the persons who heard the words."* In this there was error. The charge makes the defendant responsible for the hearing of the bystanders. If the defendant did then and there give the explanation he testified he did, he was not liable, whether the plaintiff's witnesses heard it, or whether they had knowledge of it or not. Had the judge charged that if the jury found that he did then and there explain to whom he referred in such

a manner that the plaintiff's witnesses could have heard the explanation, it would, as to this question, have been correct. No action lies for slanderous words immediately explained, in the same connection, and in the presence of those who heard the words. (1 *Hilliard on Torts*, 258.    17 *Illinois*, 597.) The plaintiff's witnesses had testified that he did *not hear* the explanation which the defendant says he gave. This however was immaterial, if the explanation was thus in fact made in his presence. But the court went further than this, and stated as the law, in effect, that not only must the explanation have been given in the presence of the plaintiff's witness, and in his hearing, but also that *he must have heard it*. He might have made the explanation, as he says he did, and the attention of the plaintiff's witness might have been at the moment diverted, so that he did not notice it. In that case the plaintiff's witness would have no *"knowledge"* of the explanation, and yet the defendant would have done all the law required him to do as a complete justification, viz : to state the explanation *in the hearing* of those standing by; that is, so that they could have heard if they were paying attention to the speaker.

IV. The learned justice who tried the case further charged, as matter of law, that *"there was an oddity and want of symmetry in the language sworn to by the defendant."* The learned judge had no right to so direct the jury. It was an error for him to do so. This was not the expression of an opinion. It was the charge from the bench that a legal "oddity and want of symmetry existed." If the court undertakes to dictate to the jury a question of fact, the verdict will be set aside, and a new trial be given. (1 *Graham and Waterman on New Trials*, 311. *See also The New York Firemen's Insurance Company* v. *Walden*, 12 *John.* 513 ; *The People* v. *Quin*, 1 *Parker's Criminal Rep.* 340 ; *Reid* v. *Hurd*, 7 *Wend.* 408, 411.) . The court has a discretion in the expression of an opinion ; but this was not simply an expression of his opinion, it was a statement of an

Maybee *v.* Fisk.

assumed fact. The charge is in the usual style and language of a direction of the court on matter of law. (*The N. Y. Firemen's Ins. Co.* v. *Walden,* 12 *John.* 517.) And the language of the chancellor in the last cited case is applicable to this. "If the charge is not to be deemed of that character, (i. e. a *direction*) it will be impossible hereafter to discriminate between a charge containing a positive direction and mere advice." (*Id.* 518.) It is submitted that the learned justice, who tried the case, erred not alone in the rejection of evidence, but also palpably erred in his charge to the jury as above set forth. In conclusion, it is submitted that there were errors: 1st. In the exclusion of evidence. 2d. In the charge, in effect, that the explanation must have been heard by the persons standing by who heard the original charge; and if they did not so hear it, the explanation was no defense. 3d. In the charge that there was an "oddity and want of symmetry in the explanation of the defendant."

For these errors a new trial should be granted.

*J. S. Barber,* for the respondent, insisted that the decision of the justice, at the circuit, was right; and that for the reasons given by him in his opinion on the motion for a new trial, the order should be affirmed.

*By the Court,* BACON, J. I was inclined, upon my first impression of this case, to differ with the learned judge who tried the cause, in his ruling excluding the offered evidence, and in his charge to the jury. But on further reflection, I think he was right. Under the authority of *Gidney* v. *Blake,* (11 *John.* 54,) followed and approved in *Ryckman* v. *Delavan,* (25 *Wend.* 203,) the action was clearly maintainable by the plaintiff. The words were actionable *per se,* and the plaintiff, as one of the parties included in the language, used by the defendant, could bring his separate action for the slander thus uttered.

On the trial, the defendant, while admitting that he spoke

the slanderous words, swore that he added immediately, by way of explanation, that he meant "the two youngest boys' of the father of the plaintiff. The witnesses for the plaintiff all swore that they did not hear these words. The question then is, whether the judge properly charged the jury that the plaintiff was entitled to recover unless the jury should find that the defendant added the explanatory words "then and there to the knowledge of the persons who heard the words" complained of. The defendant's counsel insists that if the defendant did in fact give the explanation he testified to, he is not responsible, whether the witnesses of the plaintiff heard it or not, or whether or not they had knowledge of it; and that to hold otherwise makes the defendant responsible for the hearing of the bystanders. This is plausible, but I think it is unsound. If a party makes a charge in the presence and hearing of others, which is of a slanderous character, and which in its naked form would by all the bystanders be naturally understood to impute a crime, he is responsible for the utterance, unless the language used is understood by all present to refer unmistakably to a transaction not criminal but innocent in its character, or he adds an explanation which conveys to the bystanders the fact that he does not make a criminal imputation upon the party pointed at in his words. And, therefore, it is true that a man is, in this sense, and to this extent, responsible for the hearing of the bystanders. If he will use edged tools, he must see to it that he renders their use innoxious; if he chooses to deal in language that *ex vi termini* imputes crime, he must be careful that by an explanation patent to all, he removes the sting and extracts the venom. Otherwise he is justly held responsible.

The case of *Phillips* v. *Barber*, (7 *Wend.* 439,) is in principle, entirely applicable to this case. The defendant in that case uttered the words "you have stolen my wood," in a public meeting. All the witnesses that were sworn upon the trial, testified that they understood the defendant to allude to a transaction, not felonious in its character; and the

Maybee *v.* Fisk.

defendant's counsel insisted that as the words were spoken in reference to a transaction which did not amount to a larceny, the plaintiff could not maintain the action. The judge ruled that the words being actionable in themselves, the defendant was bound to show that they were spoken in reference to property which could not be the subject of larceny; or that the transaction alluded to *was so explained at the time of the speaking of the words,* that the hearers must have known that the charge did not amount to larceny, and that the defendant not having brought himself within either of these exceptions, the plaintiff was entitled to a verdict. This ruling was approved by the supreme court, Nelson, J. in his opinion, affirming the doctrine that the words being actionable in themselves, could only be deprived of that character by an explanation made at the time.

It is not enough that the party swears that he made the explanation; it must be made to appear that the explanation was heard and understood by the hearers, since only in that event would the words be rendered harmless in respect to the plaintiff. Nelson, J. adds that it is not necessary that the explanation should be made by the defendant at the time of speaking the words, if *all* the hearers are in possession of the facts alluded to when the words were spoken; but the words in that case being uttered in a public meeting, although the witnesses understood the transaction, others were present, as to whom it did not appear that they knew the circumstances out of which the charge arose. In this case there was no offer to show that the witnesses who heard the slanderous words knew, or had ever heard, that the other boys of the plaintiff's father had stolen the defendant's corn; and consequently, without this knowledge, and in the absence of any accompanying explanation which they heard and understood, the words necessarily imputed a charge of felony, in which the plaintiff was included. This being the true principle, it was properly applied in this case, and the judge rightfully excluded the evidence offered by the defendant, that the two

younger boys had stolen the corn of the defendant shortly
before the speaking of the slanderous words.

In commenting upon the testimony of the defendant in
respect to the point whether he did in fact make the expla-
nation he swore he did, the judge added that there was "an
oddity and want of symmetry in the language sworn to by
the defendant, which the jury might take into consideration
in determining whether the defendant did add said words, or
not." The defendant excepted to this part of the charge,
and insists that this was erroneous, being an attempt to dic-
tate to the jury upon a question of fact. If this were so, it
might, perhaps, be a question how far in that direction it is
allowable for a judge, in his charge to a jury upon matters of
fact, to go. But I do not understand this to be a direction
to the jury to find any fact whatever. It was the utterance
of an opinion, that the form of expression which the defend-
ant swore he employed was odd and unsymmetrical to the
mind of the judge, and that this might be considered by the
jury in aiding them to determine another fact. Now, it is
surely allowable in a judge, in commenting upon testimony,
to characterize the manner, deportment and mode of testify-
ing exhibited by witnesses on the stand; and this has never
been deemed a ground of exception. If the judge has a
strong opinion upon the character of evidence and the wit-
nesses who avouch it, I suppose he can express it, although
in practice, as a general rule, I think the custom is one
"more honored in the breach than the observance." When
he goes so far as to dictate to the jury how they shall find,
and what verdict they should render upon a naked issue of
fact, he transcends the proper limits of a charge, and trenches
upon the province of the jury. The true rule I apprehend to
be, that the expression of an opinion by a judge, as to the
character or effect of evidence, leaving it to the jury not-
withstanding to decide the question submitted to them,
furnishes no valid ground of exception. See *People* v. *Quin*,
(1 *Park. Cr. R.* 340,) where the distinction between this and

a direction which leaves no discretion to the jury, is very clearly presented. The learned judge, in this case, did not, as I conceive, violate this rule in that part of the charge complained of, and the exception is not well taken.

I am of opinion that the order of the special term, denying the motion for a new trial, should be affirmed.(a)

[ONONDAGA GENERAL TERM, October 4, 1864. *Morgan, Bacon* and *Foster*, Justices.]

(a) See S. C. post, 655.