DUANE C. ALLIS, Respondent, *v.* JOHN LEONARD et al., Appellants.

Plaintiff having been sworn as a witness in his own behalf, two witnesses called by defendants testified that his reputation was bad. The court charged the jury " that the impeachment or attempted impeachment of the plaintiff has entirely failed; it has not affected his credit." *Held*, error; that the evidence was competent and should have been submitted to the consideration of the jury; that the charge was not a mere expression of opinion or commentary upon the facts, but was, in form and substance, an instruction of law, and, therefore, the subject of a legal exception; and that to make the exception available it was not necessary to request the court to submit the question to the jury.

*It seems*, that an expression of opinion by a court, in its charge to a jury, calculated to influence their decision in a matter clearly within their cognizance, will be critically scrutinized. To be free from legal objection it must be advisory merely and not put in the form of a direction as matter of law, and must be accompanied by explicit instructions that it is the duty of the jury to consider the evidence and decide as they think the truth requires.

(Submitted June 12, 1874; decided September 22, 1874.)

APPEAL by defendants Stevens and Hathaway from judgment of the General Term of the Supreme Court in the third

judicial department, affirming, as to them, a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This was an action upon a promissory note. The defence was payment. Plaintiff was called as a witness and gave testimony in his own behalf.

Defendants called two witnesses who testified, in substance, that they knew plaintiff's reputation and that it was bad.

The court charged the jury, among other things, as follows:

" You have the plaintiff's evidence, to which you are to give such credit as you think it entitled ; and allow me to say, before the consideration of the evidence, that the impeachment or attempted impeachment of the plaintiff has entirely failed. It has not affected his credit, but yet the credit of the witness is always in the hands of jurors, and they are to give such credit to each one as they are entitled to. You are to look at the witness on the stand and observe the evidence he gives, and the probability of the story he relates, and the consistency of the statement he makes, and his apparent candor and frankness and his interest in the case. All these things you will take into consideration in determining his credit. You will take into consideration such evidence as tends to impeach — for instance, if his statements out of court are inconsistent with his evidence in court, it is proper for your consideration in determining the credit due him as a witness ; and it is proper for you to consider the credit to be given to the plaintiff and all the different witnesses called upon the stand. You are to determine who has told the truth and what the truth of this transaction is."

The defendant excepted to so much of the charge as is in the words following :

" That the impeachment or attempted impeachment of the plaintiff has entirely failed ; it has not affected his credit."

*M. M. Waters* for the appellants. The charge of the judge was error, it being a positive direction to the jury. (12 J. R., 518; *People* v. *Quin,* 1 Park. Cr., 340.) For the error in

the judge's charge the judgment should be reversed. (37 N. Y., 405.)

*Ballard & Warren* for the respondent. The expression of opinion by the judge as to the attempted impeachment of the plaintiff furnishes no ground for an exception. (*Gardner* v. *Picket,* 19 Wend., 186 ; *People* v. *Rathbun,* 21 id., 509 ; *Maybee* v. *Fisk,* 42 Barb., 327 ; *Lansing* v. *Russell,* 13 id., 510 ; *Nolton* v. *Moses,* 3 id., 31 ; *McKee* v. *People,* 36 N. Y., 118 ; *Winne* v. *McDonald,* 39 id., 233.)

CHURCH, Ch. J. Two witnesses gave evidence tending to show that the plaintiff's general character was bad. This evidence though not very strong, was legitimate upon that question. The judge charged the jury, "that the impeachment, or attempted impeachment of the plaintiff, has entirely failed ; it has not affected his credit," etc., which was specifically excepted to. I can see no sufficient answer to the point that this was error. The evidence was competent, and whether strong or weak, should have been submitted to the jury for their consideration, upon the credibility of the witness. Three answers have been suggested : First, that other portions of the charge neutralized the effect of this clause. It is true that the learned judge told the jury that the credibility of the witness was a question for them, but we think the fair construction of all he said about it was to instruct them that, in passing upon the credibility of the witness they must exclude from consideration the element of general bad character, sought to be proved by the two witnesses called, and the jury must have so understood it. Second, it is said that, at most, it was but an expression of opinion or commentary upon the facts which is not the subject of a legal exception. This is not tenable. It was more than an opinion or commentary ; it was a decision or instruction that the evidence adduced was not sufficient to be considered by them, that it was a failure, and did not affect the credit of the witness. This was an instruction in the form and substance of

law. There are cases holding that a mere opinion or commentary upon the facts is not the subject of an exception, but in such cases it is held that the judge must accompany such commentary with explicit instructions that it is the duty of the jury, notwithstanding, to consider the evidence and decide as they think the truth requires. (19 Wend., 186; 42 Barb., 326.) To be free from legal objection it must be advisory merely, and must not be put in the form of a direction as matter of law. (21 Wend., 509–525.) The jury is the constitutional tribunal for the determination of questions of fact; and I am persuaded that justice is better administered when courts refrain altogether from any interference with its rightful province. Jurors cannot distinguish between a direction in a matter of law or fact. They are bound to take the law from the court; and a positive direction from the bench, as to a question of fact, is as potent as if it pertained to a question of law; and even an expression of opinion calculated to influence the decision of the jury in a matter clearly within their cognizance, should be critically scrutinized. In this case the direction was unqualified, as we construe the charge. Third, it is claimed that the exception is not available, because no request was made to submit the question to the jury. The rule invoked does not apply. There was no necessity for a request; the court had made a distinct ruling that the attempted impeachment was a failure, which as we have seen was error, and the defendant excepted. This was all that was necessary to protect the defendant's rights. We cannot of course speculate as to whether this error had any effect upon the result or not. We are not permitted to consider that question. The error is one which cannot be overlooked without establishing a dangerous precedent.

The judgment must be reversed, and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.