ADELIA RICHARDSON, RESPONDENT, *v.* WILLIAM VAN NOSTRAND, APPELLANT.

*Charge to a jury — when a new trial should be granted, because of the expression of an opinion by the judge which is calculated to influence the jury.*

In this action, brought to recover damages for slander, the complaint contained three counts, the first and second for calling the plaintiff a thief, and the third for calling her a whore. As to the first two the defendant, among other defenses, answered, in mitigation and justification, by setting up certain transactions, called by the judge in his charge the currant transaction and the apple transaction. The defendant excepted to so much of the following portion of the charge as is printed in italics: " It is due, gentlemen, to good order in society, and common decency among neighbors, that you should look to it, if you are convinced that the defendant has made these charges, that he should respond in such damages as you think the plaintiff is entitled to for having charged her with these crimes; *and it is well, in my judgment, for the defendant, no matter if his version of these transactions be a correct version, it is well for him to drop this currant transaction and to cease talking about these currants. He has talked about them, in my judgment, long enough, and it is time he stopped talking about this apple transaction and live in peace and comity with his neighbors.*"

*Held,* that the portion of the charge excepted to, suggested so decidedly, that, in the judgment of the judge, the damages should be sufficient to stop the defendant's talk about the currant and apple transactions, instead of leaving that question to be determined by the jury, as to require that a new trial be ordered.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict at the Allegany Circuit, and from an order denying the defendant's motion for a new trial made on a case and exceptions.

The action was brought for slander, and was tried at the Allegany Circuit in October, 1885, where a verdict was rendered for the plaintiff in the sum of $150. The complaint contained three counts ; the first and second are for calling plaintiff a thief, and the third for calling her a whore. As to the charge of calling plaintiff a thief, defendant among other defenses answered in mitigation of damages, and in justification set up certain transactions, called by the judge in his charge, the currant transaction and the apple transaction.

*F. C. Peck,* for the appellant.

*E. C. Olney,* for the respondent.

ANGLE, J. :

The only point on this appeal is made by defendant's exception to a part of the judges charge on the subject of damages. The entire sentence of which the excepted portion is a part is as follows, the excepted part being italicized : "It is due, gentlemen, to good order in society and common decency among neighbors that you should look to it, if you are convinced that the defendant has made these charges, that he should respond in such damages as you think the plaintiff is entitled to for having charged her with these crimes, *and it is well, in my judgment, for the defendant, no matter if his version of these transactions be a correct version ; it is well for him to drop this currant transaction and to cease talking about these currants. He has talked about them, in my judgment, long enough, and it is time he stopped talking about this apple transaction and live in peace and comity with his neighbors."*

The portion of the charge excepted to is decidedly suggestive that in the judgment of the judge the damages should be sufficient to stop defendant's talk about the currant and apple transaction. It goes further than an instruction to the jury that *they* might give such damages as would stop such talk by defendant.

In *Allis* v. *Leonard* (58 N. Y., 291), Chief Judge CHURCH says : "Jurors cannot distinguish between a direction in a matter of law or fact. They are bound to take the law from the court; and a positive direction from the bench as to a question of fact is as potent as if it pertained to a question of law ; *and even an expression of opinion calculated to influence the decision of the jury in a matter clearly within their cognizance should be critically scrutinized."* In the present case the language from the bench was, "it is well, in my judgment, for the defendant to stop, etc. ; he has talked about them, in my judgment, long enough, etc."

"In vindictive actions, as they are sometimes termed, * * * the conduct and motive of defendant is open to inquiry with a view to the assessment of damages ; and if the defendant in committing the wrong complained of acted recklessly, or willfully, and maliciously, with a design to oppress and injure the plaintiff, the jury in fixing the damages may disregard the rule of compensation, and beyond that may, as a punishment to the defendant and as a protection to society against a violation of personal rights and social order, award

such additional damages as in their discretion they shall deem proper." ( *Voltz* v. *Blackmar*, 64 N. Y. 444; *Brooks* v. *Harrison*, 91 id., 91, 92.)

In the charge in the present case the judge nowhere gives the jury any instruction as to the plaintiff's right to recover more than compensatory damages, except in the sentence in which the excepted portion of the charge is found and which sentence is given above; and that instruction is given with an announcement of the judgment of the judge as to the allowance of an important item in such damages, the allowance of which was a question for the jury to determine. In this we think there was error.

A new trial should be granted.

Haight, Bradley and Childs, JJ., concurred.

Judgment and order reversed, and a new trial ordered, costs to abide event.