McAdam, C. J.
—The action is against the defendant, who is a physician, for libel, in filing with the board of health a certificate of the cause of death of the plaintiff’s child, containing the following statements:
“ And that, according to the best of my knowledge and belief, the cause of death was as hereunder given. 1. Chief and determining cause, unknown. 2. Consecutive and contributory, neglect of parent.”
The words complained of are embraced in paragraph 2. The action was originally commenced in the names of Gregory and Winifred Crane, the parents of the deceased child. The defendant, in his answer, alleged “that he was called upon by Gregory Crane, one of the plaintiffs, to attend said child, and made one visit thereto, and did prescribe for said child, and that the said Gregory Crane was at such time under the influence of liquor, and he then, and still believes, that the said Gregory Crane did neglect the said child, and that its death was influenced by such neglect.” The certificate imputes “neglect to parent,” not parents. The language of the alleged libel cannot be enlarged by construction, hence, in interpreting its intent, it must be assumed in a case like the present, where the parents are living, that the author intended one, not both. The defendant, in his answer, names Gregory Crane as the one intended, and alleges that the certificate was true. Instead of meeting the issue thus squarely presented, the plaintiff’s attorney dropped the accused husband from the record, and continued the action • in the name of the wife, against whom the answer carefully avoids charging the slightest neglect. If the innocent wife had been dropped from the record, and the accused husband had insisted upon continuing the litigation to exculpate himself from the issue tendered by the defendant, we could readily observe the force and propriety of the amendment applied for. The amendment was made, and as no one complains of it, we will assume that it was rightfully allowed, and proceed at once to the real question presented by this appeal, to wit:
Whether the complaint, as amended, states a cause of action. The term “parent,” employed in the alleged libel, when applied to the case of a person whose father and mother are living, involves one of intent as to which parent was charged with neglect, and this question is ordinarily one for a jury to determine. It is an issuable fact, however, and as the term by its ordinary meaning does not include both parents, it is necessary in an action by either to recover damages, to allege in the complaint that the term was used concerning the one complaining.
In Gidney v. Blake (11 Johns., 54) and Maybee v. Fisk (42 Barb., 326) it was' held that the words “your children *279 are thieves,” “your boys have stolen my corn,” applied to all the children or boys of the persons designated; that the words were not therefore vague or indefinite, and that either might sue for the recovery of damages. If die term “parents” had been used in the certificate filed by the defendant, either might have brought suit, for the libel would have sufficiently connected both with the aid of extrinsic matter. If the words used in the two cases just cited had been “your child is a thief,” or “your boy has stolen my corn,” and the parent in the one case had several children and the parent in the other had several boys, the cases cited would have presented the question that arises here, and in the instances put as in the present case, the person complaining would have to connect himself with the libel by alleging that he was the person referred to therein, for the court could not in the absence of such an allegation arbitrarily decide which “child,” “boy” or “parent” was the object of the defamation.
In view of this circumstance, it has become a rule of pleading that if the words employed in a libel do not necessarily refer to the person complaining, he must allege in some issuable form that they were intended and were understood by others to be applicable to him, or the complaint must follow the form prescribed by the Code, and allege that the defamatory matter was,published of “and concerning the plaintiff.” Code, § 535.
The pleader has failed to observe either of these forms of pleading in the present case, and the complaint in consequence does not state facts sufficient to give the plaintiff a cause of action. The trial judge rightfully sustained the defendant’s objection to the pleading. Code, § 488, subd. 3, § 499.
It follows that the judgment appealed from must be a£= firmed, with costs.
Nehrbas and Hall, JJ., concur.