RIVERS v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, Second Department.   June 7, 1907.)

1. LIBEL—COMPLAINT—SUFFICIENCY.
   Where a libelous article referred to Wm. Pitt Rivers' "suit for divorce," and spoke of "his divorce complaint," showing that he was the plaintiff in the divorce suit, a complaint in a suit against the publisher for libel which alleged that the plaintiff at the time of the publication was and still is the wife of Wm. Pitt Rivers sufficiently showed that the defamatory words were published concerning the plaintiff, and it was not necessary to allege that it was published concerning her in the express words of the statute; Code Civ. Proc. § 535, providing that a general statement is sufficient.

2. SAME—PUBLICATION LIBELOUS PER SE.
   The publication of a statement that a woman was a defendant in an action for divorce, which could only be brought upon the grounds of adultery, was libelous per se.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 71, 72.]

Appeal from Special Term, Kings County.

Action by Martha L. Rivers against the New York Evening Journal Publishing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the opinion of Burr, J., in the court below:

It is not necessary to allege, in the language of the statute (Code Civ. Proc. § 535), that the defamatory words were published concerning the plaintiff if from the facts stated in the complaint it necessarily appears that such was the case. Jacquelin v. Morning Journal, 39 App. Div. 515, 57 N. Y. Supp. 299. The article complained of referred to Wm. Pitt Rivers' "suit for divorce." If that had been all, it might be uncertain who was the plaintiff in said action, but in the same article it speaks of "his divorce complaint," showing that he was the plaintiff. A man cannot sue any one for divorce but his wife. The complaint alleges that the plaintiff at the time of the publication was and still is the wife of Wm. Pitt Rivers. Necessarily the article could refer to no other person than the plaintiff. To publish an article stating that a woman is a defendant in an action for divorce which can only be brought upon the ground of adultery is libelous per se. The demurrer must be overruled.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Clarence J. Shearn, for appellant.
Melville J. France, for respondent.

JENKS, J. We think that this judgment should be affirmed for the reasons stated by the learned justice who presided at the Special Term. We may add as authorities which sustain his conclusion Gidney v. Blake, 11 Johns. 54, Dorland v. Patterson, 23 Wend. 422–424.

The interlocutory judgment must be affirmed, with leave to the defendant to plead over upon payment of costs. All concur.