## FREEMAN C. NORTON *versus* EDWARD LADD.

In an action for slanderous words, the defendant may show, that the words related to a known transaction, not amounting to the charge, which the words would otherwise import.

A martin caught in a trap in the woods, cannot be subject of larceny, while it remains in the trap in the woods.

THIS was an action on the case for slander. The words alleged in the declaration to have been spoken of the plaintiff, by the defendant, amounted to an assertion that the plaintiff was a thief, that he stole a martin from the defendant's trap, and that the defendant could prove it.

The cause was tried here upon the general issue, at November term, 1828, when the plaintiff proved that the defendant said of him, on one occasion, " Norton has stolen, and I can prove it ;" and upon being asked what ? he added, " a sable out of my trap ;" and on another occasion, the defendant said of the plaintiff, " Norton has taken a sable out of my trap ; he stole it, and I can prove it."   The defendant offered to prove that the sable, being an animal *feræ naturæ*, was taken from the trap of the defendant under such circumstances as not to make it the subject of larceny, and that this was known to the persons in whose hearing the words, mentioned in the declaration, were uttered.   But the court rejected this evidence.

The jury having returned a verdict in favor of the plaintiff, the defendant moved in arrest of judgment, and also for a new trial, on the ground that competent evidence had been rejected.

*Williams* and *Cushman*, for the plaintiff.

*Bell*, for the defendant.

*By the court.*   It is urged, that there ought to be a new trial in this case, because the defendant was not permitted to show, that the words related to a particular act, which did not amount to larceny, and that this was known

<div style="float:left">Norton<br>*v.*<br>Ladd.</div>

to the persons in whose hearing the words were uttered. And it seems to be settled, that it is admissible to show that the words related to a known transaction, not amounting to the charge, which the words would otherwise import. 4 Stark. 873 ; 12 Johns. Rep. 239, *Dexter* v. *Taber* ; 1 Johns. Cases, 279, *Van Rensalœr* v. *Dole* ; 1 Camp. 48 ; 3 Caine's Rep. 91, *Green* v. *Long.*

And we are of opinion, that the explanation which the defendant proposed to give, that the words related to a sable taken from a trap in the woods by the plaintiff, would have been decisive to show, that the words were not actionable.

It is clear, that a larceny may be committed by taking any creatures, whatever, which are *domitæ naturæ*, and fit for food, as ducks, hens, geese, turkeys, or their eggs or young ones. Hawk. P. C., B. 1, chap. 33, sec. 28.

But things of a base nature, in contemplation of law, as dogs, cats, bears, foxes, monkeys, ferrets, &c., cannot, by the common law, be the subject of larceny ; although a man may have a property in them which the law will protect by a civil action. Hawk. P. C., B. 1, chap. 33, sec. 23 ; 4 Bl. Com. 234—235 ; 1 Car. & P. 128, note.

It is clear, that a sable caught in a trap in the woods, cannot be the subject of a larceny.

*New trial granted.*