## PHILLIPS *vs.* BARBER.

In slander, where the charge was *felony*, made in reference to a transaction innocent in itself, and so understood by several persons, *it was held* that, as it was fairly to be inferred that *others* were present at the time of the speaking of the words, and as the words were spoken in reference to a transaction, the subject of felony and no explanation accompanied the speaking, shewing that the charge did not amount to felony, the action was maintainable.

THIS was an action of slander, tried at the Herkimer circuit, in March, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The words spoken at a public meeting were, *you have stolen my wood.* All the witnesses examined on the trial testified that they understood the charge to relate to a transaction *not felonious.* It appeared that the plaintiff had purchased of one Rathbone a quantity of wood, cut on the land of the defendant, who had a pile of wood near the wood belonging to Rathbone; the plaintiff, supposing that the pile belonging to the defendant was included in the quantity purchased by him of Rathbone, took a part of it, but discovering his error, he admitted that he had been under a *mistake,* and made no further claim to the wood belonging to the plaintiff. After which admission, known by the defendant to have been made, the defendant made the charge complained of in the declaration. The witnesses testifying that they understood the charge to relate to the above transaction, the counsel for the defendant insisted that the plaintiff was not entitled to sustain his action, the words being spoken in reference to a transaction which did not amount to larceny; but the judge ruled, that the words being actionable in themselves, the defendant was bound to shew that they where spoken in reference to property which could not be the subject matter of larceny, or that the transaction alluded to was so explained at the time of the speaking of the words, that the hearers must have known that the charge did not amount to larceny; and that unless the defendant had brought himself within those exceptions, the plain-

ALBANY,
Oct. 1831.

Phillips
v.
Barber.

tiff was entitled to a verdict. The defendant excepted. The jury found for the plaintiff, and the defendant now moved to set aside the verdict.

*J. A. Spencer*, for defendant.

*J. B. Hunt*, for plaintiff.

*By the Court*, NELSON, J. We perceive no objection to the charge of the judge, or any essential difference, in principle, between the law as laid down by him and that which was insisted on by the counsel for the defendant. The words were actionable in themselves, and would only be deprived of that character by an explanation by the defendant at the time, shewing to the hearers that he did not intend a charge of larceny. It of course is not necessary that the explanation should be made by the defendant at the time of speaking the words, if *all* the hearers are in possession of the facts alluded to when the words are spoken, because this would be sacrificing to the terms of the rule its substance and meaning. It is enough that the hearers understood at the time to what the defendant referred, and that such reference gave to the words an innocent meaning. The case states that the witnesses who proved the charge, all stated that it referred to the taking of the wood of the defendant by the plaintiff, (which, as detailed in the case, was an innocent transaction,) and that they so understood the charge at the time it was made. Whether the explanation as to the taking of the wood was made at the time of the charge by the defendant, or whether the witnesses understood the transaction from some other source, and at some other time, does not appear. If they did not obtain the explanation at the time, but understood it in some other way, though they were in possession of facts which gave the words an innocent meaning, *others* present might not be ; and it is fairly to be inferred from this case that others were present. It appears that after the defendant knew that the plaintiff had taken the wood through *mistake*, believing he had bought it, he persisted in making the charge of stealing, and did make the one complained of, clearly intending to deny the explanation given,

and to characterise it as a felony, and in relation to a transaction which was a subject of felony. The case, we think, was fairly submitted to the jury, and there is no cause for disturbing the verdict.