## M'Kennon *against* Greer.

In an action of slander, these words, with proper innuendoes, were laid as the plaintiff's cause of action, and held to be actionable. " Who gave you orders to feed my straw to your cattle ? You did take it, for it could be seen at the back of the barn." " You fodder your cattle upon my straw. What have you done, you old scoundrel ? You have went and made a slaughter-house of my barn, and are acting dishonestly in every thing you are doing about the place."

ERROR to *Juniata* county.

This was an action on the case for slander by David Greer against Patrick M'Kennon ; in which the plaintiff thus laid his charge in his declaration. "Who gave you" (the said David meaning) "orders to feed my straw" (the straw of the said Patrick meaning) "to your cattle" (the cattle of the said David meaning) ? "You" (the said David meaning) " did take it," (the straw of the said Patrick meaning) "for it could be seen at the back of the barn" (meaning and intending that the said David was guilty of feloniously taking and carrying away the straw of the said Patrick). And in the second count, thus, "You" (the said David meaning) "fodder your cattle" (the cattle of the said David meaning) "upon my straw" (the straw of the said Patrick meaning). "What have you done, you old scoundrel" (the said David meaning), "you" (the said David meaning) "have went and made a slaughter-house of my barn" (the barn of the said Patrick meaning), "and are acting dishonestly in every thing you" (the said David meaning) "are doing about the place" (meaning and intending thereby that the said David was guilty of larceny).

A verdict and judgment were rendered for the plaintiff, by the direction of the court below (Blythe, president) that the words were actionable and well laid.

The error assigned was, that the plaintiff's declaration set out no cause of action.

[M'Kennon v. Greer.]

*Fisher*, for plaintiff in error, cited, 1 *Chitt. Gen. Prac.* 44; *Stark. Ev.* 873; 3 *Wilson* 186; Chaddock *v.* Briggs, 13 *Mass.* 248; Shaffer *v.* Kintzer, 1 *Binn.* 542; M'Clurg *v.* Ross, 5 *Binn.* 219; Brooker *v.* Coffin, 5 *Johns. Rep.* 188.

*Parker*, for defendant in error, cited, Bornman *v.* Boyer, 3 *Binn.* 515.

The opinion of the Court was delivered by

GIBSON, C. J.—The principle deducible from the decision in Bornman *v.* Boyer, 3 *Binn.* 515, was attempted to be ascertained in Thompson *v.* Lusk, at the last term for the Sunbury district (ante, p. 17); according to which it would seem, that where the words, when considered in connexion with facts and circumstances alleged by the words themselves to be known by the hearers and understood by them, impute the existence of guilt which can arise but from a specific offence, the charge supposed to result from them may be laid by an innuendo, without recourse to a colloquium. Such, to a certain degree, was the case of Thompson *v.* Lusk, where, though a colloquium of judicial swearing was in fact laid, there was no express charge of false swearing to be coupled with and explained by it; but an accusation of false swearing was held to be implied by saying, "I have made the charge and I will go on with it," because to go on with a charge, in the popular sense, is to prosecute for a criminal offence which, when committed in the violation of a judicial oath, can be no other than perjury. Such, too, was emphatically the case of Bornman *v.* Boyer, where there was no colloquium at all; yet words which implied a taking in a secret and blamable manner, were held to convey an imputation of theft. Do not the words in both the counts here equally imply a secret and blamable taking? "Who gave you orders to feed my straw to your cattle? You *did* take it, for it could be seen at the back of the barn." The tone of both these sentences is expressive of blame for a taking accompanied with concealment, and one which was expected to be denied. The direct iteration of the charge in an imperious manner, and the allusion to the traces of the fact at the *back* of the barn, leave no doubt of what was meant. The accusation in the second count is still more pointed. "You fodder your cattle upon my straw. What have you done, you old scoundrel? You have went and made a slaughter-house of my barn, and are acting dishonestly in every thing you are doing about the place." Now the allegation of dishonesty is more properly referable to the foddering of the cattle than to the making a slaughter-house of the barn; because to turn it to such a use, though an improper one, could not well be called dishonest. But to act dishonestly in foddering a man's cattle with his neighbour's provender, is to act corruptly, and certainly implies a secret and blamable taking of the fodder; and on the principle of our own

II.—UU

decisions, it is not to be doubted that words which impute it are actionable.

Judgment affirmed.