## ROBINSON *v.* KEYSER.

22  323
72  402

In case for slander, where the words laid, in their common acceptation, import the charge of a crime, the declaration is sufficient without a colloquium or inuendo.

The declaration alleged that the defendant said of the plaintiff, "he is a thief and a liar, and I can prove it." *Held*, that the words, of themselves, in their common acceptation, imported a charge of larceny, and that the declaration was sufficient without a colloquium or inuendo; that if the words were spoken in a different sense, not amounting to the charge which they usually import, and were understood in that sense by those in whose presence they were spoken, the defendant might show this on trial, as a defence to the action.

CASE, for slanderous words. The declaration alleged that "on the 29th day of June, A. D., 1850, at Wendell, in said County, in the presence of divers persons, citizens of this State," the defendant "did speak and publish of, and concerning the plaintiff, the false, scandalous, and malicious words following, to wit, he, (meaning the said Robinson,) is a thief and a liar, and I, (meaning the defendant,) can prove it."

The declaration contained no other colloquium than is above stated, nor any allegation of any special damage. To this declaration there was a general demurer and joinder.

*Edes*, for the plaintiff.

*M. W. Tappan*, for the defendant.

PERLEY, J. In an action on the case for slanderous words, if the words alleged to have been spoken, do not of themselves, in their usual sense, import an actionable slander, but were spoken in reference to some other conversation or transaction, by connection with which they acquired a slanderous meaning, it is necessary to set out, in declaring, the matter in reference to which the words were spoken.

But where the words, according to their usual acceptation, plainly import of themselves the charge of a crime, no colloquium or inuendo is necessary. It is sufficient if they are alleged to have been spoken of the plaintiff.

And words are to be taken according to their common import and acceptation. *Butterfield* v. *Buffum*, 9 N. H. Rep. 156; *Chaddock* v. *Briggs*, 13 Mass. 248; *Demarest* v. *Haring*, 6 Cowen, 76.

The words, "he is a thief," import in themselves, in their usual sense, a charge of larceny.  Com. Dig. Defamation, D. 4. *Bornman* v. *Boyer*, 3 Binney, 515; *McKennon* v. *Grier*, 2 Watts, 352; *Dexter* v. *Taber*, 12 Johns. Rep. 239; *Phillips* v. *Barber*, 7 Wendell, 439.

If the words in fact related to a known transaction, not amounting to the charge which they would otherwise import, and this was known to the persons in whose hearing the words were spoken, the defendant might show this on trial, in defence of the action. *Norton* v. *Ladd*, 5 N. H. Rep. 203; *Sibley* v. *Marsh*, 7 Pick. 38; *Phillips* v. *Barber*, 7 Wendell, 439.

*Judgment, on the demurrer, for the plaintiff.*