## VAN AKIN *vs.* CALER.

Where it is claimed, in an action for slander, that the explanatory matter which accompanied the slanderous words, so qualified them that the crime in question was not imputed, it must be shown that the explanation not only accompanied the words, but that they were sufficiently explicit to enable those who heard the same reasonably to understand to what the words uttered referred ; and that the crime which the words, standing alone and taken in their natural and ordinary meaning, would impute, was not intended to be charged.

The party who utters words imputing to another crime, must be presumed to intend what the words naturally import; and it is but just to require that the explanation be made sufficiently definite to prevent an erroneous impression unfavorable to the party against whom the charge is made.

THIS is a motion for a new trial, upon a case. The action is for slander, and the complaint alleges in substance that the defendant charged the plaintiff with the crime of larceny. A verdict was rendered in favor of the plaintiff for $130. The action was tried before Justice HOGEBOOM at the Ulster circuit, in March, 1865. The exceptions were ordered to be heard in the first instance at general term.

*T. R. Westbrook,* for the plaintiff.

*Mr. Stebbins,* for the defendant.

*By the Court,* INGALLS, J. The complaint alleges that the defendant spoke of and concerning the plaintiff the following words: "You are a thief:" "you are a damn thief." The evidence proves the utterance of the words charged, and they impute the crime of larceny, and are actionable.

The court charged the jury that the plaintiff was entitled to a verdict, and the only question for them to determine was the amount of damages. To this charge the counsel for the defendant excepted. The defendant's counsel requested the court to charge the jury that if they believed that the language complained of, and in question, was intended and understood to relate to the difficulty about the pay roll, their verdict should be for the defendant. The court refused so to charge, and the defendant's counsel excepted.

This case is to be considered upon the two exceptions. The defendant's counsel insists that the explanatory matter which accompanied the slanderous words, so qualified them that the crime of larceny was not imputed; or at least that it was for the jury to determine whether or not such crime was charged.

To justify the application of this principle, the explanation must not only accompany the words, but should be sufficiently explicit to enable those who hear the same, and who are presumed to acquire all their knowledge of the transaction from what is said at the time, reasonably to understand to what the words uttered refer, and that the crime which the words, standing alone and taken in their natural and ordinary meaning, would impute, was not intended to be charged. Short of this the application of the principle contended for by the defendant would be dangerous indeed. The party who utters words imputing to another crime, must be presumed to intend what the words naturally import, and it is but just to require that the explanation be made sufficiently definite to prevent an erroneous impression unfavorable to the party against whom the charge is made. The witness, William Still, who was present and heard the conversation, testifies: "I did not understand his remarks as relating to the pay roll." The testimony of the plaintiff is to the same effect. The defendant by his evidence leaves the matter at least equivocal; he testifies as follows: "I did say he was a thief, and damned thief, and any man was who would do that." The dispute appears to have been in regard to the pay roll, but the difficulty with the defendant's case is, that if he merely intended to charge the plaintiff with want of fidelity in regard to the work, he should have conveyed his meaning in language as unequivocal as was used by him in charging the plaintiff with larceny; or at least so that the explanation would be understood. The direction to the jury was in my judgment justified, as it is not the duty of the court or the jury to give language a strained or unnatural construction for the purpose of shielding a party from the consequences of uttering a charge so grave and so well calculated to injure character.

The request to the judge to charge the jury was too indefinite, and if acquiesced in, would probably have misled the jury. When a party desires to have a question of fact sub-

mitted to the jury, the attention of the court should be particularly directed to it, and the request should be specific. (*Dow* v. *Rush*, 28 *Barb.* 157. *Carpenter* v. *Stilwell*, 11 *N. Y. Rep.* 61. *Moore* v. *Meacham*, 10 *id*, 212.) In the last case Gray, J. says : "A judge is not required to express an opinion, much less to charge as to a belief, when, as in this case, the evidence would not warrant a peremptory ruling of the point in favor of the party seeking to establish it." This remark applies with peculiar force to the case at bar. (*See also Winchell* v. *Hicks*, 18 *N. Y. Rep.* 565.)

A new trial should be denied with costs.

[ALBANY GENERAL TERM, September 17, 1866. *Miller*, *Ingalls* and *Hogeboom*, Justices.]