JAMES S. HAYES, Respondent, v. DAVID BALL, Appellant.

Where words alleged to be slanderous in charging larceny are accompanied by such an explanation as make it clear that they referred to an innocent transaction, or to one which in law could not have constituted the crime charged, an action for slander is not maintainable.

So, if it appears that all the persons present at the time of the speaking of the words understood from facts in their knowledge, or which they had otherwise learned, that the words referred to a transaction which could not in law constitute larceny, the cause of action is not made out.

Where, however, the language employed imputes the crime, the ordinary meaning is to be given to the words, unless they are accompanied by an explanation giving to them a different meaning, or unless all the hearers understand that they refer to a transaction which cannot constitute the crime charged.

In an action for slander, in imputing to plaintiff the crime of larceny, the words proved were: "When he (plaintiff) was highway commissioner he stole one thousand dollars from the town." Defendant attempted to show that he referred only to the fact that plaintiff, when he held the office of highway commissioner, upon an accounting before the town auditors, failed to produce vouchers for the sum of $1,000 which came to his hands. None of plaintiff's witnesses testified that defendant made any explanation of the words so spoken, and only one of them testified that he understood the transaction referred to related to money which came to plaintiff's hands as commissioner. *Held,* that the ordinary import of the words used imputed larceny; that plaintiff might have stolen money belonging to the town while he was highway commissioner, which did not come into his hands as such officer, and it was not impossible for him to commit the crime of larceny in respect to money which did so come to his hands; that it was a question for the jury to determine in what sense the words were uttered; and that, therefore, a refusal to nonsuit was not error.

As to whether, if the jury had found that the language used imputed only a default in not accounting for money which came to plaintiff's hands as a public officer (such an offense at the time of speaking the words being simply a misdemeanor), the action in the form presented in the complaint could be maintained, *quære.*

Upon the trial there was a contest as to what took place before the town board of auditors, defendant claiming that plaintiff did not produce vouchers, the latter claiming that he did. A witness for plaintiff was asked, and allowed to answer under objection and exception, if, at that time, any one disputed any item of plaintiff's account, or the correctness of it, or as to the amount of money received. *Held,* no error; as the fact that there was no dispute tended to show that there was no question as to the vouchers.

Also, *held,* that it was not error to receive what was shown to be a substantial copy of plaintiff's account presented to the auditors, it appearing that the original account had been lost by plaintiff.

The vouchers alleged to have been presented to and allowed and passed by the auditors were received in evidence, under objection and exception, without proof of their genuineness; *held,* no error.

This court has no power to review an order refusing to set aside as excessive a verdict in an action for slander.

(Argued January 25, 1878; decided February 5, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action for slander, in imputing to plaintiff the crime of larceny.

The facts appear sufficiently in the opinion.

*J. H. Clute,* for appellant. The words of the defendant did not import the crime of larceny. (2 R. S., 678, § 59; *People* v. *Coats,* 22 N. Y., 245; *Van Rensselaer* v. *Dole,* 1 J. Cas., 279.) The overruling of the objection to the question to defendant's witness, whether any one disputed any item in plaintiff's account or the correctness of the account as to the amount of money received by him was error. (*Myers* v. *Malcom,* 6 Hill, 296, note *b; Ray* v. *Smith,* 2 Hun, 597.)

*N. P. Hinman,* for respondent. It rested in the discretion of the General Term whether it would order a new trial, because the damages were excessive. (*Lansing* v. *N. Y. C. R. R. Co.,* 49 N. Y., 538, 539; *Thurber* v. *Townsend,* 22 id., 517.) Evidence of defendant's intent in uttering the words upon which this action was brought was properly

excluded. (*Philips* v. *Barber*, 7 Wend., 439; *Maybee* v. *Fisk*, 42 Barb., 326; *Van Akin* v. *Caler*, 48 id., 58; *Bennet* v. *Matthews*, 64 id., 410; *Painer* v. *Alexander*, 9 Wend., 143; *Case* v. *Buckley*, 15 id., 327; *Ballard* v. *Lockwood*, 1 Daly, 158; *Waugh* v. *Fielding*, 48 N. Y., 681; *Brown* v. *Champlin*, 66 id , 221.) Any question as to the import of the charge was one for the jury. (*Dexter* v. *Tabor*, 12 J. R., 239; *Laine* v. *White*, 7 Wend., 175; *Alexander* v. *Alexander*, 9 id., 141 ; *Case* v. *Buckley*, 15 id., 327; *Philips* v. *Barber*, 7 id., 439; *Maybee* v. *Fisk*, 42 Barb., 326; *Van Akin* v. *Caler*, 48 id., 58; *Kennedy* v. *Gifford*, 19 Wend., 296; *Potter* v. *Thompson*, 28 Barb., 87.)

Church, Ch. J. The motion for a nonsuit was based upon the position that the words proved did not impute a crime, or, at least, not the crime of larceny alleged in the complaint. If it had appeared that when the words were spoken they were accompanied with such an explanation as would make it clear that they referred to an innocent transaction, or to a transaction which, in law, could not have constituted larceny, the motion for a nonsuit should have been granted. So if it had appeared that all the persons who were present understood from facts which they knew, or had otherwise learned, that the words referred to a transaction which could not, in law, constitute larceny, the same result would follow.

The rule is, that the language employed is to be given its ordinary import and meaning, unless an explanation accompanies the use of the words, which give them a different meaning, or unless all the hearers understand that they refer to a transaction which cannot constitute the crime which the words imply. (*Philips* v. *Barber*, 7 Wend., 439; *Mayor of N. Y.* v. *Lord*, 17 id., 296; *Van Akin* v. *Caler*, 48 Barb., 58; *Maybee* v. *Fisk*, 42 Barb., 326.)

Three witnesses testified to the speaking of the words; two of them were present on the same occasion. The plaintiff had been nominated for the office of supervisor of the town of Berne, and the words proved were, " he would be a pretty

man to be elected supervisor; when he was highway commissioner he stole $1,000 from the town, and if he was elected supervisor, where he would have the handling of so much money, he would steal $8,000."

An effort was made on the trial to show that the defendant referred only to the fact that when the plaintiff held the office of highway commissioner he failed, on the occasion of accounting before the town auditors, to produce vouchers for the amount which came into his hands, to the extent of $1,000. If this was all that the defendant intended to charge, it would not impute any offense, because a mere failure to produce vouchers would not establish that the money had not, in fact, been properly expended; but the charge was, that the defendant had stolen $1,000, while he was commissioner of highways, from the town of Berne. The ordinary import of the words impute the crime of larceny. Without explanation to have justified a nonsuit, the court must have held that the defendant could not have stolen $1,000 from the town while he was highway commissioner. The defendant asked the court, as matter of law, to decide that the words did not impute larceny. If the words were ambiguous and capable of two constructions— one imputing larceny, and the other not, it was for the jury to determine in what sense they were understood. Neither of the witnesses called by the plaintiff testified that the defendant made any explanation ; that the transaction which he characterized as larceny was a mere failure to produce vouchers for the amount of money which came into his hands as highway commissioner, and only one of these testified that he understood that it related to money which came to his hands as commissioner. It is very clear that the plaintiff might have stolen a thousand dollars from the town while he was highway commissioner, which did not come into his hands as such officer ; and I do not think it can be affirmed that it was impossible to commit the crime of larceny in respect to money which did come into his hands as such officer. Suppose the town had delivered it to him as a mere custodian,

his felonious appropriation might have been larceny, or if
when he received it from the town he had the felonious inten-
tion to convert it to his own use, in some cases it might be
larceny ; or if after receiving it he had put it in some place
where constructively it would be in the possession of the town,
the taking with a felonious intent might be larceny. (*Shep-
pard* v. *Steele*, 43 N. Y., 60.) We do not think that the
court erred in refusing to hold as matter of law that the
words could not have charged larceny, or could not have
been so understood, and hence that the motion for a non-
suit was properly denied. In *Van Rensselaer* v. *Dale*
(1 Johns. Cases, 279) the words expressly referred to a par-
ticular transaction, which the witnesses understood, where
the crimes indicated by the epithets "highwaymen, robbers,
and murderers," could not have been committed, it was held
that the action would not lie. So the charge against a serv-
ant, "he is a thief ; he has stolen my beer," was submitted
to the jury whether it referred to cases where the plaintiff
had sold beer which he was authorized to do, and had not
accounted for the money, or whether he had actually stolen
the beer. (Peake's N. P. C., 4.) This case is somewhat
analogous, and it was a question for the jury to determine in
what sense the words were uttered and understood. The
court charged the jury in substance that if the words related
to an innocent transaction, or that a criminal offense was not
imputed, the action would not lie. There was no exception
to the charge as made, nor was the court requested to charge
what the effect would be if the language imported only a
default in not accounting for money which came to the hands
of the plaintiff as a public officer. We do not think that
the import of the language was necessarily thus limited ; but
if the jury had so found, it would have raised a serious
question whether this action, in the form presented by the
complaint, could have been sustained. In that case the only
criminal offense which, by the law as it then existed, could
have been imputed, was not above the grade of a misde-
meanor; and while it might not, if untrue, entirely relieve

the defendant from liability in an action of slander, it would mitigate the gravity of the charge, and tend to lessen the damages. But this point was not made by request to charge or otherwise.

The exception taken to the question to the witness Fowler, " did any one dispute any item in that account, or the correctness of his account, as to the amount of money he had received," was not well taken. The contest at the trial was as to what took place before the town board of auditors, on the occasion of the plaintiff's rendering his account as highway commissioner. On the part of the defendant, it was claimed that the plaintiff failed to produce vouchers to the amount of $1,000 ; that it was so announced at the time, and talked about before the board. On the part of the plaintiff it was claimed that he did produce vouchers for the whole amount of the money which came to his hands, and that his accounts were allowed and settled at that time. Although, it does not appear that there was any dispute about the amount which the plaintiff had received, the question embraced all the items of the account, and the·fact that there was no dispute in respect to any of them tended to show that there was no question as to the vouchers. The evidence was slight, but we cannot say it was incompetent.

It was not error to receive a copy of plaintiff's account presented to the auditors. The original account had been lost, and the paper offered was claimed to be substantially a copy. Error is alleged in receiving the vouchers without proof of their genuineness. As before stated the contention at the trial related to what occurred before the board of auditors. The vouchers were claimed by the plaintiff to be the identical vouchers which were presented to the board on the occasion referred to, and were allowed and passed by that board. There was no occasion to prove the execution of each voucher on the trial. The question litigated was not whether these vouchers were genuine, or whether the plaintiff had actually expended the money represented by them; but whether they had been presented to and allowed by the

board of auditors upon the settlement of the plaintiff's account, and the production of the vouchers, with the other evidence, was proper to establish the plaintiff's theory of what took place upon that occasion. These are the only points made by the appellant in this court.

Although the verdict seems to be large, we have no power to review the order denying the motion to set it aside as excessive, and as we do not find any legal error in respect to the points presented by the appellant we feel constrained to affirm the judgment.

All concur, except MILLER, J., dissenting.

Judgment affirmed.