McAdam, C. J.
The combination of words uttered by the defendant concerning the plaintiff, according to their natural import, charge the plaintiff with a criminal offense, to wit: with selling and disposing of mortgaged chattels. Laws 1871, chap. 77, Penal Code, § 571. The words are therefore actionable per se, and an allegation of special damages was unnecessary. That the sale was made “with intent to defraud the mortgagee ” is a necessary averment in an indictment; but slander to be actionable per se need not be charged in the language of the statute,' nor with the particularity required in an indictment. Odger’s on Slander, 60. The charge of selling mortgaged property was accompanied by the declaration that the defendant had papers in his pocket on which the plaintiff could be sent to prison. The papers referred to were evidently the mortgage, and the words used must be construed together, as they were intended as but one charge, which, by a fair interpretation, amounts to a criminal offense under the statute. ■ *278 The words can hardly bear an innocent construction, for people are sent to state prison for crime. But assuming, as we do, that the words are capable of two constructions, one imputing crime and the other not, it is for the jury to determine in what sense the words were uttered and understood. Hayes v. Ball, 72 N. Y., 418; McGibben v. Young, 20 Weekly Dig., 12; Quinn v. O’Gara, 2 E. D. Smith, 388. Thus, whether or not defendant used the word “thief,” as imputing a felony: held, properly submitted to the jury to determine the sense in which the word was uttered. Middleton v; Walter, 1 Weekly Dig., 407; aff’d 67 N. Y., 584. This is upon the familiar rule that where statements are made which bear two constructions, and in respect to which intelligent persons may honestly differ, the case must go to the jury to determine which construction was intended and understood by the parties, to the end that the proper interpretation may prevail in determining the question whether a cause of action exists or not. The trial judge should have permitted the plaintiff to enter upon his proofs, and should, if necessary, have sent the case to the jury to determine whether the defendant intended to impute crime to the plaintiff, or whether the words were used and understood by those present merely as general terms of abuse ánd without imputing anything criminal. Odgers on Slander, 60; Hayes v. Ball, supra, and other cases cited. He erred in dismissing the complaint, and in refusing to hear the plaintiff’s evidence. For this error the judgment must be reversed - and a new trial ordered, with costs to the appellant to abide the event.
Nehbras and Hyatt, JJ., concurred.