CHRISTIAN F. FLAACKE, DEFENDANT IN ERROR, v. FRANK B. STRATFORD, PLAINTIFF IN ERROR.

Submitted July 10, 1905—Decided June 18, 1906.

In an action for slander it was for the jury to determine whether the words used, "Why don't you take that damned crepe off your hat? You didn't think anything of your brother; you are a robber; you robbed widows and would steal the gold from a dead man's teeth," were intended to charge a crime involving moral turpitude.

On error to the Hudson Circuit.

For the plaintiff in error, *Joseph H. Lefferts.*

For the defendant in error, *Theodore Rurode.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff sued the defendant for using the following slanderous words to him in the presence of others: "Why don't you take that damned crepe off your hat? You didn't think anything of your brother; you are a robber; you robbed widows and would steal the gold from a dead man's teeth."

The plaintiff recovered a judgment and the defendant brings error.

The errors assigned are: (1) Refusal to admit evidence offered by defendant; (2) the admission of illegal evidence offered by plaintiff; (3) refusal to nonsuit; (4) refusal to direct a verdict for defendant and direction of verdict for plaintiff; (5) error in charge; (6) refusal to charge as requested.

The only evidence offered by the defendant and excluded by the court were answers to the questions asked by his counsel of the defendant himself, viz., "In what sense did you use the word 'robber?'" and "What did you mean at the time you used the word 'robber?'" Such evidence is clearly illegal.

What was understood by the bystanders, not what was intended by the speaker, is the test whether words spoken are actionable or not. It is the effect of the words upon the bystanders that is the basis of damages, for there are no damages unless the words spoken are heard by others than the parties.

It is also objected that the court admitted evidence as to the financial standing of the defendant. There is a contrariety of view on this subject, but the competency of such evidence is supported by the preponderance of authority, and this is the better rule, for on the question of compensatory damages it can be safely stated that as a general rule wealth is an important element of social position, standing and influence, and the words of a man of wealth carry more weight than those of one in less affluent circumstances, and therefore a defamation by him will probably cause greater injury, while on the question of punitive damages it is obviously proper that the wealth of the defendant should be considered, because an award which would practically bankrupt a poor man would be but a light punishment as against a man of considerable wealth. 18 *Am. & Eng. Encycl. L.* (2d ed.) 1096.

There was no error in the refusal of the court to permit the defendant's counsel to interrupt the direct examination of the plaintiff as a witness to the defendant's financial standing in order to permit a cross-examination upon that subject, the court stating that such cross-examination might be made later on, when the direct examination was concluded.

The trial judge directed a verdict for the plaintiff, saying to the jury: "The plaintiff is entitled to recover in this case because the uncontradicted testimony is that the defendant used language with respect to the plaintiff, in the presence of other people, which imputed to him a crime involving moral turpitude." If, considering all the words used in their connection with each other, and the circumstances surrounding their utterance, as they appeared to the bystanders, no other rational conclusion could be drawn than that the defendant imputed to the plaintiff a crime involving moral turpitude, then the judge properly directed the jury.

It would seem that the use of the words "robber" and "robbed," without reference to any property, could not be actionable slander, for it has been held that the property concerning which the charge of robbery is made must be such as in contemplation of law may be the subject of robbery. 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 902. So to say to one, "You are a robber," or "You robbed," and nothing else, would not impute a crime, and no action could be maintained for their use. The simple use of the words not being actionable, their connection must be considered in determining whether they import a crime.

Whether the crime found by the judge was robbery, larceny or embezzlement, which it would seem were the only crimes that could be inferred from the language used, is not stated, only that the words imputed a crime involving moral turpitude.

"Oral or written words importing that another has been guilty of the crime of robbery are actionable *per se*. The word "robbery," applied to another's act, or a charge that he has committed robbery, without anything to mitigate the charge, is actionable because it necessarily imports a felony; but an oral charge of robbery is not necessarily actionable, *e. g.,* when under the circumstances under which it is used it is apparent that a charge of fraud or breach of trust not amounting to a felony is intended." 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 901. There is fair room for a difference of opinion whether the words "You are a robber," "You robbed widows," in connection with the other words used, would convey the idea that the plaintiff was being accused by the defendant of being one who had taken, or would take, his property from the person of another by force or by putting him in fear, or would commit the crime of larceny or the crime of embezzlement, and so be actionable, or whether it was a charge of a breach of trust, or whether the words were used as epithets of an abusive character, in which latter cases no action would lie.

In this situation it was for the jury to determine the meaning to be derived from the words used, considering them

in connection with all the other words spoken at the time and the circumstances surrounding the utterance of those words, as those circumstances appear from the testimony.

In *Dunnell* v. *Fiske,* 11 *Metc.* 351, the words used by F. were "D. stole my patterns to get up his castings by." *Held,* it was for the jury, and not for the court, to decide whether F. intended by these words to charge D. with the crime of larceny.

In *Hayes* v. *Ball,* 72 *N. Y.* 418, the words used were: "When he [the plaintiff] was highway commissioner, he stole $1,000 from the town." *Held,* that the ordinary import of the words imputed larceny, and it was for the jury to determine in what sense the words were uttered.

In *Clapp* v. *Devlin,* 35 *N. Y. Supr. Cl.* 170, it was said that the captain of a ship was short and that he had been guilty of robbery, and the court held that it was evident that the defendant did not use the word "robbery" in its technical sense, but that, nevertheless, the word was susceptible of an actionable meaning, and it was a question for the jury what the defendant meant to charge.

An interesting illustration of the use of the word "robbery" appears in the case of *George* v. *Braddock,* 18 *Stew. Eq.* 757, 761. The Court of Chancery had held the will of George Hutchins, whereby the residue of his estate was to be devoted to the distribution of the publications of Henry George, invalid, upon the ground that the books of Henry George described the system by which the landowners of the country held the title to their land as robbery. In this court, Chief Justice Beasley cites a paragraph of the Vice Chancellor's opinion, in which it is said: "Clearly, the author in these passages not only condemns existing laws, but denounces the fact that the secure title to land in private individuals is robbery—is a crime," and in commenting upon this passage says: "In this analysis I have, of course, disregarded the presence of the term 'robbery' in the foregoing quotation that gives the *ratio decidendi* in the court below, because I am well aware that the learned Vice Chancellor did not put his judgment, either in whole or in part, upon a *mere epithet* or *turn of phrase.*"

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 13.