## BYERS *v.* MARTIN.

LIBEL — *words published of jurors.* Words published in a newspaper, which tend to impeach the honesty and integrity of jurors in their office, are libelous.

A publication which denounces a verdict as infamous, and declares that " we cannot express the contempt which should be felt for these twelve men who have thus not only offended public opinion, but have done injustice to their own oaths," is directed against the jurors individually.

It cannot be claimed that such publication affects only the verdict of the jury, or that it is directed against the jury as a body or class of men.

*Error to District Court, Arapahoe County.*

DEFENDANT IN ERROR was the publisher and proprietor of the *Rocky Mountain News*, a newspaper published in Denver. The publication of which, defendant in error complained, is sufficiently set out in the opinion.

In concluding the argument for plaintiff in error, counsel used the following language:

1. We have said that the publication was directed against the jury and its verdict.

2. A verdict is the unanimous decision of a *jury*.

3. A jury is a *body* of men.

4. A verdict of itself, having no rights and owing no duties, is incapable of being libeled.

5. An action on the case will not lie for libeling a body of men. Upon this last point the decisions seem to be uniform.

There are no special damages alleged in the *narr.*, and if the rule be true, as laid down in· *Palmer* v. *Concord*, that the libel must tend to *private injury*, and that the plaintiff has sustained damage, then an allegation of special damage is necessary, and one that must be proved.

The words must be actionable *per se*, to avoid the necessity of such allegation; and, unless the language holds Mr. Martin, *individually*, up to public hatred, contempt or ridicule, according to the definition already referred to, the language cannot be actionable *per se*. Therefore, taking this declaration into consideration in the light of those rules which seem to apply to this particular case, and as disclosed by this declaration, rules which are settled, we have no hesitation in saying that there is not a case in all the books in which a private action for libel has been sustained under like circumstances, and that no authority from any respectable court can be produced to support it.

Mr. L. B. FRANCE and Mr. M. A. ROGERS, for plaintiff in error.

No appearance for defendant.

BRAZEE, J.   This is an action of trespass on the case for libel.

The first count of the declaration alleges, in substance, that Charles R. Ward was indicted for robbery in the first district court of this Territory, and the plaintiff, Martin, and eleven others were impaneled and sworn as jurors to try the issues upon that indictment, and a true verdict to give according to the evidence; that, after hearing the evidence,

arguments of counsel and instructions of the court, Martin, as one of the jurors, rendered a verdict of not guilty; that defendant, Byers, well knew these facts, and published of and concerning the plaintiff, Martin, in a newspaper, the following: "We are not a little surprised at Judge Wells' lenient charge in the case. We are still more so at the infamous verdict of this jury. * * * We cannot express the contempt which should be felt for these twelve men, who have thus not only offended public opinion, but have done injustice to their own oaths."

The second count is upon the whole article containing the libelous words contained in the first count. The defendant below plead the general issue. There is no question made in regard to the publication of the alleged libelous words. The jury found a verdict of one cent damages, upon which judgment was entered, and the case comes before us upon writ of error. It is alleged in the assignment of errors that the court below erred :

First. In overruling a motion for nonsuit.

Second. In overruling a motion in arrest of judgment.

The defendant in error does not appear in this court.

It is not contended by the learned counsel for plaintiff in error that the words in question are not actionable. We think they are clearly so under the statute defining libel in this Territory, as well as upon general principles, as words spoken of one in the execution of his office. 1 Lord Raymond's Rep. 1369. The counsel for the plaintiff in error, however, maintains that the words complained of are not actionable, because, as he contends, they were not published of, and concerning the defendant in error, but of and concerning a body or class of men, and therefore do not constitute a cause of action against the defendant in error, nor any individual, and cites cases in which the rule he contends for has been recognized and applied.

The difficulty in applying this rule of law to this case is quite apparent. In the first place, the allegation is, that the words in question were published of, and concerning the plaintiff below. The publication complained of character-

izes the verdict of acquittal as "infamous," and " the contempt which should be felt for these twelve men " * * * " who have done injustice to their own oaths," as beyond expression, and holds up " the men," composing the jury, as individuals to a superlative contempt. As matter of fact, the jury have found that the libelous words were published of and concerning the plaintiff below. As matter of law, we think this case is within the principles applied by the court in 1 Pick. 132 ; 25 Wend. 186 ; 42 N. H. 137 ; 11 Johns. 54, and Hobart, 89.

The judgment of the court below is therefore

*Affirmed.*