WILLIAM E. WILSON vs. JAMES H. COTTMAN.

*Slander—Actionable words—Special damage—Cured by Verdict.*

Words falsely and maliciously spoken which impute to a clerk the want of any qualification which as such he ought to possess, or any misconduct which would unfit him to discharge faithfully and correctly all the duties pertaining to his position, are actionable, if in consequence thereof he is dismissed from his employment.

When some specific damage is caused by words falsely and maliciously spoken, they may become actionable, when otherwise the law would give no redress against the person speaking them.

The defendant falsely and maliciously spoke of the plaintiff the following words, by reason of which he lost his position as clerk and assistant weigh-master: "He has caused the downfall and ruin of my clerk." "Will, (meaning the plaintiff) has been the ruination of my clerk ; I do not want him (meaning the plaintiff) to have anything to do with my business;" meaning that plaintiff should not weigh any goods consigned to the defendant. HELD:

That the words thus spoken were actionable.

Imperfections of statement in a declaration, are cured by the verdict.

APPEAL from the Court of Common Pleas.

This was an action of slander brought by the appellant against the appellee. The declaration charged, "for that whereas the plaintiff was, in the month of November, 1883, and had been for a long time theretofore, employed by Albert Rhett as said Rhett's clerk and assistant weigh-master, and the defendant, intending to injure the plaintiff in his character and business, falsely and maliciously spoke and published of and concerning the plaintiff, the words following: "He (meaning the plaintiff) has caused the downfall and ruin of my clerk (meaning defendant's clerk, Lewis. B. Wilson). Will (meaning the plaintiff)

has been the ruination of clerk (meaning defendant's clerk, Lewis B. Wilson). I (meaning the defendant) do not want him (meaning the plaintiff) to have anything to do with my (meaning defendant's) business, (meaning that plaintiff should not weigh any goods consigned to the defendant).

" If the people (of Charleston) (meaning shippers and consigners of goods living at or near Charleston, South Carolina) knew it (meaning the charge of plaintiff having misled and ruined Lewis B. Wilson), they (meaning said shippers and consignors) would not let Will (meaning the plaintiff) weigh their (meaning said shippers and consign- ors) goods either."

" You (meaning the plaintiff) were the ruin of Lewis (meaning Lewis B. Wilson)," "I (meaning the defendant) believe you (meaning the plaintiff) was at the bottom of the whole matter, and were the cause of it anyhow, (mean- ing the slaintiff had caused the downfall and ruin of Lewis B. Wilson)." "If you (meaning the plaintiff) ever get the matter fixed (meaning the charge of causing the ruin of Lewis B. Wilson to be withdrawn, and plaintiff's said employment with said Rhett to be continued), the Sling- luffs (meaning a firm engaged in the manufacture of fer- tilizers in and near Baltimore City) would not believe you (meaning the plaintiff), and they (meaning said Slingluffs) would run you (meaning the plaintiff) away."

" Will (meaning the plaintiff) has ruined my clerk— (meaning defendant's clerk, Lewis B. Wilson)—led him off " (meaning discharged plaintiff from his employment).

By means of the speaking and publishing of which said false and malicious words, the plaintiff was greatly injured in his character and business, and was dismissed from his said employment of clerk and assistant weighmaster for said Rhett. And the plaintiff claims $1,000.00. The de- fendant pleaded the general issue. The jury rendered a verdict in favor of the plaintiff for $200 damages. The

defendant moved in arrest of judgment. The Court (BROWN, C. J.,) sustained the motion. From the order arresting the judgment the plaintiff appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*J. J. Wade,* for the appellant.

It is admitted that the *words* set out in the declaration are not actionable *per se,* and plaintiff did not attempt to show, by any averment or *colloquium* in the declaration, that they were used in a sense to impute to him a criminal offence ; but he insists that they are actionable, because they were spoken of him falsely, wrongfully and maliciously, with the intent to *injure,* and that they did in fact occasion the special damage claimed in the declaration and found by the jury. 1 *Poe on Plead.,* sec. 174 ; *Odgers on Slander,* 86, 89, 90 ; 1 *Amer. Lead. Cases,* 119, 120 ; *Pollard vs. Lyon,* 91 *U. S.,* 225, 231, 236.

The words, as laid, are of an opprobious nature, and as such were calculated to lessen the plaintiff in the opinion of others. 1 *Amer. Lead. Cases,* 120.

They are not ambiguous and do not admit of a sense, either innocent or laudatory, but in plain terms import something offensive and injurious to plaintiff's character, and do not admit of any other construction. In this respect this case differs from *Kelly & Partington,* 5 *B. & A.,* 645, 648, 649, *and Moore vs. Burnett,* 48 *Barb.,* 229, 231.

In *Dorsey vs. Whipps,* 8 *Gill,* 457 ; *Jones vs. Hungerford,* 4 *G. & J.,* 402 ; *Shealy vs. Briggs,* 2 *H. & J.,* 363, and *Peterson vs. Sentman,* 37 *Md.,* 140, *the words* laid were claimed to be actionable *per se ;* and motions in arrest were sustained because without some averment or *colloquium* they did not necessarily impute a criminal charge.

In these cases no *special damages* resulting from the words laid, were either claimed or proven, and they do

not therefore support the ruling on the motion in arrest in this case. Every reasonable intendment will be made to support the verdict. *North. Cen. R. R. Co. vs. Canton Co.*, 24 *Md.*, 492.

It is not sufficient that the declaration is inaccurate and defective. The motion in arrest cannot prevail, unless the fact averred by the plaintiff, and found true by the jury, do not constitute a sufficient cause of action. *Coulter vs. Trustees of W. T. S.*, 29 *Md.*, 69; *Balto. City Pass. R. R. vs. Sewell*, 36 *Md.*, 238; *Black vs. Woodrow*, 39 *Md.*, 194.

*Hugh L. Bond, Jr.*, and *Wm. Irvine Cross*, for the appellee.

The plaintiff seeks to recover by reason of special damage. The words set forth are not otherwise actionable. The allegation is that the "defendant, intending to injure the plaintiff in his character and business, falsely and maliciously, spoke and published of and concerning the plaintiff" certain words, "by means of the speaking and publishing of which said false and malicious words, the plaintiff was greatly injured in his character and business, and was dismissed from his said employment." The import of the words set out is not such as to involve in any way the appellant's trade or business, and certainly they are not laid in the declaration as so spoken. *Dicken vs. Shepherd*, 22 *Md.*, 400, 416; *Ayre vs. Craven*, 2 *Ad. & Ell.*, 2.

This action then belongs to that class of actions for oral slander, in which the cause of action is "defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion the party special damage." *Pollard vs. Lyon*, 91 *U. S.*, 225, 226.

The chief requisites of a declaration in this class of cases, without which the declaration is bad in substance, are—

*First.* That the words set out shall be defamatory, either in their ordinary meaning or in the meaning in which the innuendo, based upon a proper *colloquium,* shows them to have been used by the defendant. *By definition,* the cause of action must be *defamatory words. Pollard vs. Lyon, supra.*

If the words are equivocal, the circumstances relied upon to give them a defamatory meaning must be set forth in a proper inducement or *colloquium.*

In the present case the words are not defamatory, and the declaration contains no inducement or *colloquium* to show where, when and to whom the words were spoken, or to explain the meaning of the words themselves. All authorities agree that either the words spoken must on their face be capable of the meaning given them by the innuendo, or there must be a *colloquium* to explain how they had that meaning. The words must have a defamatory meaning, and it must be gotten without any strained interpretation or speculative inference. *The innuendoes* in the present case, in so far as they attempt to give meaning to the words spoken, are not supported by the *colloquium,* and must be disregarded. *Peterson vs. Sentman,* 37 *Md.,* 153, 155; *Bloss vs. Tobey,* 2 *Pick.,* 320; *Havemeyer vs. Fuller,* 60 *How. Pr.,* 316.

That the words must be defamatory to support an action of slander, is a proposition that follows as a corrollary from the nature of the action. The action of slander is an action on the case for consequential damages, resulting from a wrongful act of the defendant, to wit: the speaking of false and defamatory words, from which speaking the law presumes malice, except in certain cases. If the words are not defamatory, there can be no presumption of malice, and therefore the speaker is guilty of no wrong. *Kelly vs. Partington,* 5 *B. & Ad.,* 645; *Sheahan vs. Ahearne,* 9 *Ir. Rep., C. L.,* 412.

*Second.* The declaration must show that damage resulted as a natural and proximate consequence of the

wrongful act. *Pollard vs. Lyon*, 91 *U. S.*, 236, 237, citing *Haddam vs. Scott*, 15 *C. B.*, 429; *Vicars vs. Wilcox*, 8 *East*, 3; *Knight vs. Gibbs*, 1 *Ad. & Ell.*, 46; *Ayre vs. Craven*, 2 *Ad. & Ell.*, 8; *Roberts vs. Roberts*, 5 *Best & S.*, 389.

"In such a case it is necessary that the declaration should set forth precisely *in what way* the special damage resulted from the speaking of the words." *Roberts vs. Roberts*, 5 *Best & Smith*, 387.

The defects in the declaration constitute proper grounds for arresting the judgment. *Chaplin vs. Cruikshanks*, 2 *H. & J.*, 247; *Sheely vs. Biggs*, 2 *H. & J.*, 363; *Dorsey vs. Whipps*, 8 *Gill*, 461; *Pollard vs. Lyon*, 91 *U. S.*, 237; *Bloss vs. Tobey*, 2 *Pick.*, 320; *Ayre vs. Craven*, 2 *Ad. & Ell.*, 46; *Lumby vs. Allday*, 1 *Cr. & J.*, 301.

BRYAN, J., delivered the opinion of the Court.

After a verdict for the plaintiff in this case, the judgment was arrested by the Court below. The declaration substantially avers that the defendant falsely and maliciously spoke certain disparaging words of the plaintiff with intent to injure him in his business, and that in consequence of the speaking of these words, he was dismissed from his employment as a clerk and an assistant weighmaster. The words were as follows: "He (meaning the plaintiff) has caused the downfall and ruin of my clerk; (meaning defendant's clerk, Lewis B. Wilson;") "Will (meaning the plaintiff) has been the ruination of my clerk;" "I (meaning defendant) do not want him to have anything to do with my business, (meaning that plaintiff should not weigh any goods consigned to defendant.") There are other words in the declaration of a similar import; but these are sufficient to illustrate the principle on which this case must be decided. Their actionable character must be tested by the question whether they impute to the plaintiff the want of any qualification such

as a clerk ought to have, or any misconduct which would make him unfit to discharge faithfully and correctly all the duties of a clerk. This was the rule declared in *Lumby vs. Allday,* 1 *Crompton & Jervis,* 301; and it has the support of the best authorities. The learned Judge who delivered the opinion of the Court, said: "Every authority which I have been able to find, either shows the want of some general requisite, as honesty, capacity, fidelity, &c., or connects the imputation with the plaintiff's office, trade, or business. I am of opinion, that the charge proved in this case is not actionable, because the imputation it contains does not imply the want of any of those qualities which a clerk ought to possess, and because the imputation has no reference to his conduct as clerk." The plaintiff, in the case from which we have quoted, was a clerk in the Birmingham and Staffordshire Gas Light Company. He charged the defendant with speaking falsely and maliciously these words: "You are a fellow, a disgrace to the town, unfit to hold your situation for your conduct with whores. I will have you in the *Argus.* You have bought up all the copies of the *Argus,* knowing you have been exposed. You may drown yourself, for you are not fit to live, and are a disgrace to the situation you hold." There was no averment of special damage; and consequently the judgment of the Court was expressed upon the words as they stood alone. When some specific damage is caused by words falsely and maliciously spoken, they may become actionable, when otherwise the law would give no redress against the person speaking them. Many instances of such words are found in the books. In *Comyns' Digest, Action on the case for Defamation,* (D. 30,) a long list is given of "words by which the party has a special damage." It has been well said in *Kelly vs. Partington,* 5 *Barn. & Ad.,* 650, that in all these instances put by *Comyns,* the words are injurious to the reputation of the person, of whom they are spoken; and to make

the speaking of the words wrongful, they must in their nature be defamatory.

In *Terwilliger vs. Wands,* 17 *New York,* 61, in speaking of this subject, the Court said: "The words must be defamatory in their nature; and must in fact disparage the character; and this disparagement must be evidenced by some positive loss arising therefrom directly and legitimately as a fair and natural result." The words charged in the declaration are very reproachful; they accuse him of the grievous wickedness of causing the ruin of another person. This accusation, if true, would naturally and properly injure him in the estimation of all virtuous persons, and cause them to shun all social intercourse with him. It was well adapted to cause the loss of his situation as clerk, by arousing the just indignation of his employers. This loss of employment would be (within the meaning of the law,) a natural consequence of the words spoken; that is, one which in the ordinary course of events might occur.

For these reasons, we think that the declaration stated a cause of action. It is not drawn with technical accuracy; but under the well known rule in *Rushton vs. Aspinall, Douglas,* 679, its imperfections of statement are cured by the verdict.

> *Judgment reversed, and*
> *judgment on the verdict.*

(Decided 11th March, 1886.)