DORN & McGINTY, A. A. DORN and J. E. McGINTY, Appellants, v. GEORGE L. COOPER.

**Libel:** EVIDENCE. Where, as in this case, an article libelous *per se* was understood neither by defendant, nor by the readers thereof, to refer to the partnership of which the plaintiffs were members, it was not libelous as to them.

In this action the question of whether the publication referred to plaintiffs is held under the evidence to have been for the jury.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, SEPTEMBER 21, 1910.

ACTION for damages resulted in judgment for defendant, from which plaintiffs appeal.—*Affirmed.*

*John P. Organ,* for appellants.

*Reed & Robertson,* for appellee.

LADD, J.—The facts are recited in the opinion filed on the former appeal. 139 Iowa, 750. The article published by defendant, though libelous *per se,* accused no one by name. It suggested that defendant was thinking about going into the business of buying hogs, and "see what effect it would have on the nice little pool" existing in Neola, that there had been a change from the best of hog markets to one which was "bummy," and advised the merchants to imitate those of another town by placing a buyer on the market who would pay fair values, and declared the margin between Neola prices and those of Omaha, Neb., about $1 per hundredweight. The court advised the jury that the article had reference to the formation of a pool by persons engaged in the business of buying hogs in Neola. The evidence was conclusive that, aside from the plaintiff firm, there was no other, except Sexton & Shawgo, following that business in Neola, and the falsity of the articles was proven.

As said, no name was mentioned in the article and it was necessary for plaintiff to show that the readers of the newspaper containing the article understood that it referred to said firm. The court submitted this issue to the jury, and exception is taken thereto on the ground that this article referred to a class—*i. e.,* hog buyers— and that, as plaintiff was of that class, it must have included said firm, especially as there was no other buyer in Neola save Sexton & Shawgo. True it is that the two firms were engaged in buying hogs there; but the jury might have found, as the defendant testified, that he was not aware when the article was published that plaintiff firm was engaged in said business, and also have concluded that those reading the article did not understand it to refer

to the plaintiff firm, for that the existence of said firm was not generally known. It seems to have had no regular place of business. Dorn made his headquarters at the store of Palmer & Co., being interested therein, and McGinty had his headquarters at the Farmers' & Merchants' State Bank. Individual checks were issued in payment of stock purchased, and the inference from much of the record is that Dorn was supposed to be buying in his individual interest and McGinty to be doing likewise. If, then, neither the defendant nor the readers of the article understood that reference was had therein to the copartnership, as the jury might have found, it is plain that as to it the publications can not be held to have been libelous. See *Barron v. Smith,* 19 S. D. 50 (101 N. W. 1105); *Watson v. Detroit Journal Co.,* 143 Mich. 430 (107 N. W. 81, 5 L. R. A. (N. S.) 480); *Boehmer v. Detroit Free Press Co.,* 94 Mich. 7 (53 N. W. 822, 34 Am. St. Rep. 318); 18 Am. & Eng. Ency. Law (2d Ed.) 996; 25 Cyc. 522. We are of the opinion that the issue was for the jury.

Other rulings criticised are disposed of by what has been said, or are so manifestly correct that discussion is unnecessary.—*Affirmed.*