# LEWIS FREDERICK POWELL,

## *vs.*

# THE AMERICAN TOWING AND LIGHTERAGE COMPANY, ROBERT J. BRADFORD AND JOHN McLEOD.

*Libel: privileged communication, what is—; demurrers.*

The master of a steam tug, and a Towing and Lighterage Company addressed a written communication to the Department of Commerce of the United States stating that one "F. P." had engaged himself to ship on the tug as a second mate, and when he reported was in such a condition, on account of drink, that the master was forced to leave without him. In an action of damage for libel brought against them by the said F. P. *it was held that,* the declaration did not show that the publication was made under circumstances that rendered it privileged, and that a demurrer on such grounds was properly overruled.

p. 543

A false and malicious written publication which imputes conduct or qualities tending to disparage or degrade the plaintiff or expose him to contempt or ridicule or public hatred or prejudice his financial standing or credit, is libelous *per se.* p. 542

The defense that defamatory matter is privileged, can not be raised on demurrer unless it appears from the statement of facts shown in the complaint that it was published upon a privileged occasion; and in such case the complaint must show all the facts that the defendant would be obliged to show under a plea of privilege. p. 543

*Decided December 12th, 1917.*

Appeal from the Superior Court of Baltimore City. (STANTON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS and URNER, JJ.

*R. E. Kanode* (with whom was *William W. Varney* on the brief), for the appellant.

*W. Lentz* and *John Peirce Bruns* (with whom were *France, McLanahan & Rouzer* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a suit brought by the plaintiff against the defendants in the Superior Court of Baltimore City for an alleged libel upon him, in a written communication to the Department of Commerce of the United States.

The plaintiff is a seafaring man holding a United States license as Master and Pilot of steam vessels in certain waters, under the United States and who was at one time a steamboat inspector at the port of Baltimore.

The defendants are the American Towing and Lighterage Company, a body corporate, John McLeod, the master of the tug *"Buccaneer,"* and Robert J. Bradford, a resident of Baltimore City.

The declaration avers that the defendants wrote of and concerning the plaintiff the following false and malicious words and did publish them in a written communication to the Department of Commerce of the United States, to wit: "Our tug *'Buccaneer'* left Norfolk for Port Arthur on P. M. on January 6th, 1915. The Master, John McLeod, of the tug *'Buccaneer'* had engaged and shipped a second mate, one by the name of Frederick Powell, who has a master's license and who was at one time steamboat inspector at the port of

Baltimore. When he reported for duty he was in such a condition from drink that the master of the *'Buccaneer'* was forced to leave without him." Meaning thereby that the plaintiff, Lewis Frederick Powell, who is known among the' seafaring profession as Frederick Powell, was negligent of his duty, unreliable in his profession under his United States license and incompetent to perform the duties required under said license, and in consequence of which the plaintiff had his Master's and Pilot's license suspended for a long period of time and was deprived of the opportunity of earning a livlihood in his professional capacity; and the plaintiff says that the aforesaid communication and the statements contained therein were false and malicious, and that the same has injured him in his good name, fame and reputation as a licensed seafaring man."

At the trial of the case the defendants interposed a demurrer to the declaration upon two grounds: first, that the declaration does not state a good cause of action; and second, that the written publication set out in the declaration was a privileged communication.

The Court below sustained the demurrer with leave to amend. The plaintiff declined to amend and from a judgment for the defendants for costs this appeal has been taken.

The principal question presented upon the appeal it will be seen is one of pleading, and if the Court below was right in its rulings upon the demurrer, that is the end of the case.

The general rule of law as to what constitutes a libelous communication or publication has been frequently discussed and applied in numerous cases in this Court. The earlier leading cases have been reviewed and the general principle stated in them has been adopted and followed by the more recent cases.

In *Goldsborough* v. *Orem and Johnson,* 103 Md. 681, it is said: "A false and malicious printed or written publication which imputes conduct or qualities tending to disparage or degrade the plaintiff or expose him to contempt, ridicule or public hatred or prejudice his private character or credit is

libelous *per se."*. *Weeks* v. *News Pub. Co.,* 117 Md. 130; *Stannard* v. *Wilcox et al.,* 118 Md. 154; *Dewit* v. *Scarlett,* 113 Md. 56; *Brinsfield* v. *Howeth,* 107 Md. 286; *Robinson* v. *State,* 108 Md. 644; *Brinsfield* v. *Howeth,* 110 Md. 520.

Without discussing the general question as to what communications the law will protect from a civil action for libel, it is sufficient for the purposes of this case to say, that applying the well settled rules referred to in the cases cited, we think, the declaration in this case is sufficient in law and states a good cause of action.

The demurrer admits the publication by the defendants and that the words are false and malicious as averred in the declaration.

The plaintiff is named in the alleged article and described as the person "engaged and shipped as second mate and who had a master's license." The language employed in the written words of the communication is sufficiently clear and explicit in itself, and when taken in connection with the inducement and the colloquium, they clearly warrant the interpretation placed upon it by the innuendo and the allegation of special damage is sufficiently stated in the declaration.

In *Wilson* v. *Cottman,* 65 Md. 190, it is said, the actionable character of the language must be tested by the question whether it imputes to the plaintiff the want of any qualification such as clerk ought to have or any misconduct which would make him unfit to discharge faithfully and correctly the duties of a clerk. *Stannard* v. *Wilcox and Gibbs,* 118 Md. 158; *Lumby* v. *Allday,* 1 Compton & Jervis, 301; *Miller* v. *David,* L. R. 9 C. P. 118.

The second ground of demurrer to the declaration relied upon by the defendants is based upon the claim that the written communication set out in the declaration is one of absolute privilege and is a complete defense and bar to the action.

In 25 *Cyc.* 468, it is said: "The defense that the defamatory matter is privileged can not be raised on demurrer unless it appears from the statement of facts shown in the com-

plaint that it was published upon a privileged occasion and in such case the complaint must show all the facts that the defendant would be obliged to show under a plea of privilege."

This states the correct rule where the defense of privilege is sought to be raised by demurrer in libel and slander cases and is supported by the weight of authority in other States.

In *Tiepke* v. *Times Pub. Co.,* 20 R. I. 200, where the question was directly raised and considered the Court said: The declaration avers that the publication was false and malicious and the demurrer admits it to be so. If libelous, therefore, the defense that it was a proper criticism of a candidate for public office and consequently privileged cannot be made on demurrer.

In *Morrison-Jewell Filtration Co.* v. *Lingane,* 33 Atlantic Reporter, 452, the Supreme Court of Rhode Island, in dealing with a similar proposition, held that as the publication complained of was not of the class which is absolutely privileged or as it is termed privileged in law, the question could not be raised on demurrer. The most can be claimed for it the Court said, it is entitled to the qualified privilege which is extended to publications otherwise libelous when made from the proper motives and in circumstances which afford an excuse or justification. As such qualified privilege is founded on motives and circumstances the existence of which is negatived by the declaration we can not consider it on demurrer but must assume the truths of the allegations of the declaration. *Kent* v. *Bongartz,* 15 R. I. 72; *Odgers on Libel and Slander,* 19 and 20.

In *Boehmer* v. *Detroit Free Press Co.,* 94 Mich. 7, a judgment on demurrer in a libel case was reversed on the plaintiff's appeal with leave to the defendant to plead within twenty days upon the ground that the facts upon which the claim of privilege was based did not sufficiently appear from the averments of the declaration. *Heller* v. *Duff,* 62 N. J. L. 101; *Harkness* v. *Chicago Times,* 102 Ill. App. 162; *Perkins* v. *Mitchell,* 31 Barb. (N. Y.) 461; *Atlantic News Co.* v. *Medlock,* 123 Ga. 714.

It is obvious we think upon an examination of the declaration in the present case that it does not state all the facts the defendants would be required to show under a claim or a plea of privilege and for this reason the defense based on the ground of privilege could not be raised on demurrer.

In *Perkins* v. *Mitchell, supra,* the New York Supreme Court where a demurrer to the declaration was based upon privilege said: 'Where a man is called to testify or even make an affidavit in a case depending in a Court of competent general or ordinary jurisdiction and proceedings according to the course of the common law he may not be required to know or to prove that all the facts existed, or all the steps had been taken which were necessary to confer jurisdiction in the particular case.   But where a man intervenes voluntarily in a special proceeding not known to the common law, and not resulting in a judgment according to its common forms he must see that jurisdiction is acquired, and that there is in reality a proceeding in Court before he can claim the privilege of a witness for libelous charges against another. I am of the opinion that the complaint in this action does not contain enough to show that the libelous publication which it sets forth was uttered in the course of a judicial proceeding duly instituted before a magistrate who had jurisdiction and that therefore the demurrer was properly overruled.

It follows for the reasons stated that the judgment in this case must be reversed and the case will be remanded for further proceedings.

*Judgment reversed and case remanded,*
*with costs.*